JOHN DOUGHERTY, Plaintiff in Error, v. JOSEPH PURDY, Defendant in Error.

ERROR TO FULTON.

Where there is a latent ambiguity in description in a conveyance, as an omission to refer to any meridian, the defect may be obviated by proof. Such a deed is not void for uncertainty.

A circuit court should permit a plaintiff to amend his declaration in ejectment, even at the trial, so far as to show a claim to less than the quantity of land described; upon such terms as may be just and reasonable.

THIS was an action of ejectment, by the plaintiff in error against the defendant in error, to recover the west half of the northwest quarter of section one, township one north, of range one west of the fourth principal meridian.

The cause was tried by THOMPSON, Judge, of the tenth judicial circuit, in Fulton county, at the February term, 1856, a jury being waived, and the issue found for the defendant, who had judgment for his costs.

On the trial the possession was admitted, and the plaintiff introduced title· papers deducing title in fee from the United States to Samuel Shaw, to the whole of the northwest quarter of section one, in township one north, of range one west of the fourth principal meridian. He then proved title from the said Shaw to the plaintiff in one undivided half of the quarter. He then, for the purpose of showing title in himself to the other undivided half, offered in evidence a deed from the said Shaw and wife to Pelatiah Pease, conveying in fee premises described as follows, to wit:

"An undivided half of the northwest quarter of section one, in township one north, in range one west, in the State of Illinois."

And containing covenant of seizin and general warranty of title, except against tax titles. The defendant objected to the introduction of this deed, and the court sustained the objection, to which the plaintiff excepted.

The plaintiff then proved by deeds, properly acknowledged, a conveyance of one undivided half of the northwest quarter of section one, one north, one west of the fourth principal meridian, from the said Pelatiah Pease to the plaintiff.

The defendant moved to exclude all the deeds offered subsequently to the deed from Luther Gregory; and the plaintiff thereupon entered a cross motion for leave to amend the declaration by the addition of a count varying from the only count in the declaration, in claiming an undivided half of the premises sued for instead of the whole. The court overruled

the cross motion, and sustained the motion to exclude, to which the plaintiff excepted.

The court found the issue for the defendant. The plaintiff moved for a new trial, and urged as reasons in the support thereof, the decision of the court in excluding the deed from Samuel Shaw to Pelatiah Pease, in refusing leave to amend the declaration, and excluding the deeds from Luther Gregory down, on the motion of the defendant. The court overruled the motion for a new trial, and rendered judgment in favor of the defendant, to which plaintiff excepted.

The plaintiff now assigns the following errors in the proceedings of the court below, to wit:

The circuit court wrongfully excluded the deed from Samuel Shaw to Pelatiah Pease.

The circuit court wrongfully excluded all the deeds offered by the plaintiff from Luther Gregory to the plaintiff.

The circuit court erred in refusing leave to amend the declaration.

The circuit court erred in overruling the motion for a new trial.

The circuit court erred in finding the issue for the defendant, and rendering judgment thereon.

GOUDY and JUDD, for Plaintiff in Error.

O. H. BROWNING, for Defendant in Error.

CATON, J. The first question is, whether this deed was void for uncertainty in the description of the premises conveyed. The description is this: "An undivided half of the northwest quarter of section one, in township one north, in range one west, in the State of Illinois." By looking at this description alone we certainly cannot say that it is void, or even defective. We cannot say that it does not describe the premises sufficiently and accurately. If, however, we look outside the deed, examine the acts of congress, and the public surveys of the state, we see there is an ambiguity in the description, which, unexplained, leaves it entirely uncertain, because it does not refer it to any meridian. It does not show whether it is east, or west of the fourth, or any other meridian. But that there are such meridians, or more than one lot of land in the state, to which this description would apply, we do not learn from the deed itself. This is a latent ambiguity, which is only shown to exist by the presentation of evidence outside the deed. It is like the familiar instances put in the books, where the deed purports to convey black acre, and it is shown that there are two tracts of land bearing that name. When this

fact is shown by foreign evidence, an uncertainty is created in the mind as to which tract is meant, which we did not observe before such fact was shown. When an ambiguity is duly made to appear by the introduction of proof outside the deed, it is a latent ambiguity, and may be explained in the same way that it is shown. If the deed purport to convey black acre, and it is shown that there are two tracts of land known by that designation, the mind is sufficiently satisfied as to which is meant, by showing that the grantor owned one of those tracts, for the presumption then is that he intended to convey the tract which he owned, rather than the one which he did not own. If it be further made to appear that he owned both of these tracts, it is still competent to show by parol proof, which tract was meant to be conveyed, and thus explain by parol the ambiguity which was shown to exist by parol. In all these cases it would have been possible to have made the description in the deed more explicit, and thus removed every ambiguity, as to the description of black acre, the fact that a tree, or a spring, or a house, or other natural or artificial monument is upon it, which could not apply to the other tract, called black acre. But for the want of such additional description, the deed is not void unless indeed it appear from the deed itself, that the description will equally apply to two tracts. Then the ambiguity is patent as it appears on the face of the deed itself, in which case it is not susceptible of explanation by parol. And if it is entirely uncertain, it may be rejected as void for uncertainty.

Although in this case, by looking outside the deed, we see there are two tracts of land in this state, to which the description equally applies, yet that being a latent ambiguity it is capable of explanation by any facts or circumstances by which the mind is convinced, as to which of these tracts was intended, by the parties, to the conveyance. And most essential and pertinent to that point, were the deeds offered, showing the title in the grantor to be an undivided half of the lot described, which is west of the fourth principal meridian. When the fact was shown that the grantor had title to that lot, the law will presume that he intended to convey it, rather than the lot lying east of the meridian to which it did not appear that he had any title. The court then erred in rejecting the deed when offered, and also the deeds showing title in the grantor.

These deeds, had they been admitted, would only have shown title in the plaintiff to an undivided half of the quarter section, while the declaration is for the whole of the tract. The plaintiff then asked leave to amend his declaration so as to claim to recover the undivided half, and so to dispense with proof of title in him to the other half. This the court

refused to allow him to do, after the commencement of the trial. This, we think, the court should have allowed in an ejectment case, as this was upon such terms as might have been just and reasonable; but we will not now say, that we would reverse the judgment for that cause alone.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*