## WILLIAM CLARK

### *v.*

## THOMAS L. POWERS.

1. EVIDENCE—*latent ambiguity in description of land may be explained.* If the description of land in a deed can equally be applied to several tracts, it is such a latent ambiguity that it may be explained.

2. This ambiguity may be explained by showing which of the several tracts was claimed by the grantor.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of ejectment commenced by William Clark, the plaintiff in error, against Thomas L. Powers, the defendant in error, in the Circuit Court of Mercer county, to recover the N. E. ¼ of the S. E. ¼ of section 14, town 13, N. R. 1 W. in Mercer county.

A jury being waived, the cause was submitted to the court and judgment rendered for the defendant. A motion for new trial was overruled.

The plaintiff brought the case to this court by writ of error. The facts sufficiently appear in the opinion.

Messrs. J. R. & I. N. BASSETT, for the plaintiff in error.

Messrs. GOUDY & CHANDLER, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case the defendant, to show color of title, gave in evidence a deed from David Graham to Eli Pangborn, dated March 19, 1853, properly describing the premises in contro-

versy, also a deed from Pangborn to Yocum, dated October 30, 1854, also a deed from Yocum to Higgins, dated September 17, 1861, also a deed from Higgins to himself, dated January 2, 1865. He also proved the payment of taxes from the year 1853 to 1863, inclusive, under this title, and possession from 1846. The last payment by Yocum was made February 26, 1862, for the taxes of 1861, and it is objected, that he had at that time no color of title, having conveyed to Higgins the previous September. That conveyance, however, was by deed of warranty with full covenants, and when it was made, the taxes of 1861 had been assessed, and were a lien on the land. He was therefore obliged to pay them, and their payment by him was under the title conveyed by him to Higgins. This made out the seven years' payment of taxes by Yocum, and it is therefore unnecessary to advert to the objections taken to the payments made by Pangborn.

It is further objected that the deed from Pangborn to Yocum, did not properly describe the land. It is described as the east half of the south-east quarter of section fourteen, in Liberty township, one west of the fourth principal meridian, in the county of Mercer, and State of Illinois. It is conceded there is no township called "Liberty" in Mercer county. That designation must therefore be rejected as surplusage, and the question then is, whether the description of the land as the east half of the south-east quarter of section fourteen, in township one, west of the fourth principal meridian, in Mercer county, Illinois, is sufficient. There are three sections fourteen in range one west, in Mercer county, and it is contended that this description is void for uncertainty, the number of the township north of the base line being omitted. But it is proved that Pangborn, when he made this deed to Yocum, occupied the east half of the south-east quarter of section fourteen, in township thirteen north, in range one west, in Mercer county, and that he claimed it under his deed from Graham, properly describing the land, and that Graham had himself occupied it since 1846. The case is thus brought directly under the authority of *Dougherty* v. *Purdy*, 18 Ill. 208. It is there held, that

an ambiguity of this sort is a latent ambiguity, the only objection to the description being, that it appears, by reference to the government surveys, that it may equally apply to several pieces of land, and that this ambiguity, being latent, is susceptible of explanation, and is explained when it is shown which of these several pieces the grantor claimed. This fact being shown, the court will then apply the description to that land. We are not inclined to depart from the authority of that case, which has become a rule of property, and under that authority must hold the deed from Pangborn to Yocum valid.

The other objection taken to the defendant's evidence has been considered in the case of *Clark* v. *Peckenpaugh* (46 Ill. 11), argued with this case.

The judgment must be affirmed.

*Judgment affirmed.*