## WILLIAM CLARK

*v.*

## JAMES W. PECKENPAUGH.

1. LIMITATION OF ACTIONS—*seven years limitation act—when party claiming under may show different titles.* Where in an action of ejectment, the defendant proved possession of the premises, under color of title and payment of taxes

for seven successive years, it is no objection, that, before the expiration of the limitation, he acquired the title of another to the premises, no connection by the plaintiff with such subsequent title being shown. Nor, as to the payments of taxes, made by him after the acquisition of such title, will he be held to have made such payments under the subsequently acquired title.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The opinion states the facts.

Messrs. J. R. & I. N. BASSETT, for the plaintiff in error.

Messrs. GOUDY & CHANDLER, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment brought by William Clark against James W. Peckenpaugh. The plaintiff gave in evidence a deed from the patentee to James Clark, and one from James Clark to himself. The defendant proved what is admitted to have been color of title, and that he had paid all taxes from 1855 to 1864, inclusive. To rebut this evidence the plaintiff then offered a deed of general warranty from one E. Muse, Jr., to the defendant, bearing date January 23, 1860. The court, however, held the defense to have been established under the limitation law of 1839, and gave judgment for the defendant.

The plaintiff brings the record here, and contends that the defendant, from the time he accepted the deed from Muse in 1860, must be considered as paying taxes under that deed, and that he has therefore failed to show the payment of taxes for seven successive years under the color of title held by him when he entered and commenced the payment in 1855.

This position is wholly untenable. The plaintiff shows no connection with the Muse title, whatever that title may have

been. No principle of estoppel can be invoked by him from the fact that the defendant accepted a deed of warranty from Muse. The latter may have bought the claim of Muse to escape vexatious litigation. The mere fact of his making such a purchase and accepting a deed can not be construed into an abandonment of his former title. Neither is there any reason why his subsequent payment of taxes should be referred exclusively to the Muse deed. He undoubtedly paid the taxes without special reference to either of his several claims of title, and paid them because he occupied the land and claimed to be the owner, without knowing or considering which of his claims of title was the stronger. He commenced the payment in 1855 under color of title, and continued it for more than seven years. He paid every year under whatever title was vested in him, and as it appears that he was clothed, during all that time, with color of title, he has brought himself within both the letter and the spirit of the statute. The title under which he entered did not cease to be color because he subsequently accepted a deed from Muse, nor is there any reason for saying that he did not continue to pay taxes under the color of title.

*Judgment affirmed.*