THOMAS T. BYBEE

*v.*

ADAM HAGEMAN.

1. DESCRIPTION—*latent ambiguity in, explainable by extrinsic evidence.* The description of real estate in a mortgage was, "one acre and a half in the north-west corner of section five (5), together with the brewery, malthouse, all buildings thereon, and fixtures contained therein," situated in the county of McDonough, and State of Illinois, without giving any township and range: *Held*, that as there were several sections in that county bearing the same number, the ambiguity was a latent one, and was susceptible of explanation by evidence *dehors* the deed, to show in what township and range the land was situated, and therefore not void for uncertainty, and, not being void, the recording of the mortgage was notice to subsequent incumbrancers.

2. SAME—*certainty—part of a tract in a corner thereof.* Where a deed for land describes the same as so many acres in the north-west corner of a section, it is not void for uncertainty, but will be taken to embrace the given number of acres in the form of a square, in the north-west corner thereof.

3. INURING OF TITLE. Where a party gives a mortgage, in the usual form, upon land, and afterwards acquires the legal title thereto, it will inure to the benefit of the mortgagee.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was a bill in chancery, by Adam Hageman, against John Ewald, Elizabeth Ewald, James Manly, Abner E. Barns,

Rebecca Barns, and Thomas T. Bybee, to foreclose a mortgage on the premises described in the opinion, executed to the complainant by Ewald and wife. After the execution of the mortgage sought to be foreclosed, Ewald and wife executed a second mortgage on the lands in question to James Manly, to secure the payment of a promissory note of said Ewald to Manly, which was assigned by the latter to Bybee. Bybee, after answering the original bill, filed his cross bill to foreclose the junior mortgage. The court decreed the foreclosure of the prior mortgage, declaring it a valid lien on the premises. From this decree Bybee appealed.

Mr. S. CORNING JUDD, for the appellant.

Mr. D. G. TUNNICLIFF, and Mr. C. F. WHEAT, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

If the description contained in the first mortgage was sufficient to pass the title, the record was notice to the subsequent mortgagee. The description was as follows: "one acre and a half in the north-west corner of section five (5), together with the brewery, malt-house, all buildings thereon and fixtures contained therein." The mortgage also described the land as situated in the county of McDonough, and State of Illinois.

It is objected by appellant that the description is void for uncertainty, inasmuch as it specifies neither township nor range.

If there had been but one section five in McDonough county, the description as to the section would have been perfectly certain. The ambiguity arises from the fact that there are several sections bearing that number. The ambiguity, then, is a latent ambiguity, arising, not upon the face of the deed, but when it is ascertained *dehors* the deed what

are the boundaries of McDonough county, and that they are such as to include several. This was the view of a similar description taken by this court in *Dougherty* v. *Purdy*, 18 Ill. 206, which case was followed in *Clark* v. *Powers*, 45 Ill. 283. Being a latent ambiguity, it is susceptible of explanation.

The explanation was made, in this case, by proof that at the time the mortgagor executed the mortgage he was living on the north-west quarter of section five, in township six north, and range one west, and that he had a dwelling house, malt-house and brewery in the north-west corner of the quarter section. It also appeared that he had no brewery elsewhere, and that he had a parol contract for an acre and a half of land in the north-west corner, and subsequently bought two and a half acres more, and received a deed from the owner for the four acres. If the description in the mortgage was sufficient, the title to the acre and a half inured to the mortgagee. There can be no doubt, under the cases above cited, as to the sufficiency of this proof to remove the latent ambiguity. The calls in the mortgage were answered by the particular tract in controversy, and could be answered by none other. In the cases referred to, less proof was held sufficient. If the mortgage was sufficient to pass the title as between the parties, its record was good as notice to the second mortgagee.

It is also objected that the description of " one acre and a half in the north-west corner" of the section is too uncertain, as it might refer either to an acre and a half in the form of a square or a triangle. Under our system of congressional surveys all lands were originally surveyed and laid out into rectangular forms, except fractional sections. Hence, it has become common to apply that form to all subdivisions where the description is of a certain number of acres in the corner of a larger tract. Thus, the north-east forty acres of a quarter section would be as definitely understood by all persons in this State, familiar with our local conveyancing, to describe forty acres in a square form, as if the tract had been described

by metes and bounds. It is a form of description growing naturally and almost inevitably out of our system of surveys, and being universally understood, should be recognized by the courts. In *Walsh* v. *Ringer*, 2 Ham. (Ohio) 327, the same rule is held, and the court, in that case, remark that this is also the Kentucky rule.

In the view we have taken of this case it is unnecessary to discuss any further questions.

The decree of the court below is affirmed.

*Decree affirmed.*