## Wm. T. Brown et al., Ex'rs, v. Auburn State Bank et al.

1. REAL ESTATE—*Failure to Give Township and Range in Describing.*
—A description of land as in a certain section without naming the township and range does not render the description void for uncertainty. The fact that there are many sections by the same number is a latent ambiguity, which is only shown to exist by evidence outside the description, and being a latent ambiguity, is susceptible of explanation by parol testimony.

Petition, in probate. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded with directions. Opinion filed December 2, 1897.

RINAKER & RINAKER, attorneys for appellants.

PEEBLES, KEEFE & PEEBLES, attorneys for appellees.

" Whenever an attempt is made to convey lands, and the description employed is such that it appears from itself that the premises can not be found and identified, it must be regarded as void." Carter v. Barnes, 26 Ill. 454.

If this is true of a conveyance of lands, it is also true of an inventory, which, as far as these appellants are concerned, operates the same as a conveyance to save their decedents' land from after-allowed claims.

" When it is said in a deed that the grantor conveys a quarter section of land situated in a county and township named, this is the general description, but if taken alone it passes nothing, because there are many tracts within the boundaries named that would fully answer the description, and not being distinguished from these other tracts, it could not be located, and nothing would pass by the deed." St. Louis Bridge Co. v. Curtis, 103 Ill. 416.

" If neither the description as a whole, or any part of it, renders it certain what object was intended, we can affix no meaning to the words employed, and the deed or clause is void for the uncertainty." Elphinstone on Int. of Deeds, 115, Rule 28.

"If the words of a document are so defective or ambiguous as to be unmeaning, no evidence can be given to show what the author of the document intended to say." Am. & Enc. of Law, Vol. 7, 93.

Mr. Justice Glenn delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Macoupin County, Illinois, which finds that certain lands belonging to the estate of one George S. Brown, deceased, were not inventoried or accounted for by the executors of his will, and that said lands are liable to be converted into money to pay the claims of the appellees, who filed their demands against the estate of said George S. Brown more than two years after the issuance of letters testamentary. The facts are as follows: George S. Brown died testate in Macoupin county on the 30th day of November, A. D. 1893. Letters testamentary were issued to the appellants as executors of his will on December 30, 1893. An inventory purporting to list all of the property of the estate was filed by them, bearing date January 17, 1894.

They made their first report of their acts and doings as such executors to the County Court of said county on December 30, 1895, and subsequent to that date, after the publication of a final settlement notice, they filed a second report on the 24th day of March, 1896. Prior to the filing of this last report, but after two years had elapsed from the date of the issuance of letters testamentary to the appellants, these appellees filed claims against the estate of George S. Brown, which claims were founded upon promissory notes signed by him in his lifetime. The appellants pleaded the two-year statute of limitations provided in the administration act as a bar to the allowance of the claims, and their payment out of property before that time inventoried or accounted for by them. The County Court allowed the claims, but required that they should be paid out of assets of the estate of George S. Brown not previously inventoried or accounted for.

The inventory filed by the executors described a large quantity of real estate consisting of town lots in Modesto,

Ill., some farm lands, and also a business house in Jackson-
ville, Ill.   The method of arranging and describing the real
estate in the inventory was a little unusual.   The scrivener
grouped certain town lots together and marked them Division
No. 1; certain other town lots, similarly grouped, were
Divisions Nos. 2, 3, 4, etc.; then certain lands were described
together and marked Nos. 5, 6 and so on down to the con-
clusion of the description of the real estate.

All of the real property in each of these divisions is fully,
carefully and properly described except in Division No. 7.
Division No. 7 describes 67½ acres of land as situated in sec-
tions Nos. 22 and 23, without any reference to any township
or range, county or State, and absolutely without any link to
connect it with any subsequent or preceding division, or any
words to show anything with reference to the location of the
land, except that it is in certain sections named in the descrip-
tion.

The land involved in this controversy is described in the
inventory filed by the executors as follows:

" No. 7.   The west one-half of the north one-half of the
southeast one-fourth of southwest one-fourth of section 23.
Also the northwest one-fourth of the northeast one-fourth
and 17¼ acres off the east side of the northeast one-fourth of
the northwest one-fourth of section 22."

It is contended by the appellee that this description is
void for uncertainty, as it specifies neither township, range,
meridian, county nor State.   It can not be said by looking
at the description in the inventory alone that it is void for
uncertainty.   It does describe the premises as certainly and
accurately as if they had been described as " Black Acre,'
which is held to be a good and certain description.   But if
we look outside of the description in the inventory, and
examine the acts of Congress, and the public surveys of the
State, we see there is an ambiguity in the description, which,
unexplained, leaves it entirely uncertain, because it does not
refer to any township, range or meridian.   We find there
are as many sections twenty-two and twenty-three as there
are congressional townships in the State.   This is a latent
ambiguity, which is only shown to exist by evidence outside

the description in the inventory. It being a latent ambiguity is susceptible of explanation by parol testimony. The ambiguity in this case arises from the fact that there are several sections twenty-two and twenty-three in this State. Dougherty v. Purdy, 18 Ill. 206; Bybee v. Hageman, 66 Ill. 519; Mason v. Merrill et al., 129 Ill. 503; St. Louis Bridge Co. v. Curtis et al., 103 Ill. 410, 416; Billings v. Kankakee Coal Co., 67 Ill. 489; Allen v. Bowen et al., 105 Ill. 361; Clark v. Powers, 45 Ill. 283; Colcord v. Alexander, 67 Ill. 581; Atwater v. Schenck, 9 Wis. 160. As it appears from the evidence, the testator at the time of his death was the owner of the north one-half of north half of the southeast one-fourth of the southwest one-fourth of section 23, also the northwest one-fourth of the northeast one-fourth and $17\frac{1}{4}$ acres off the east side of the northeast one-fourth of northwest one-fourth of section 22, in township number 12, north of range 8, west of the 3d principal meridian, in Macoupin county, State of Illinois; that he acquired title to it from one McPherson, May 3, 1886, that he was in possession at the time of his death and had been since the purchase of it; and that he owned no land in any other township, except township 12 north, range 8, west of the 3d principal meridian. From these facts and circumstances it seems clear the land intended to be inventoried by the executors, the appellants, was that described as in sections 22 and 23, in township 12 north, of range 8, west of the third principal meridian, in said Macoupin county.

As the testator resided in Macoupin county, Illinois, the presumption will be indulged in by the court, that the lands referred to are situated in Macoupin county and in this State, until the contrary appears. There can be no doubt under the cases above cited as to the sufficiency of this proof to remove the latent ambiguity. From the view we have taken of this case, we deem it unnecessary to discuss the question whether there has been such an accounting by the executors of the lands in controversy, that will relieve them from being liable to the payment of appellee's claims.

The decree of the court below is reversed and the cause remanded with instructions to dismiss the petition.