[No. 3767. Decided March 9. 1901.]

LIZZIE NEWMAN, *Respondent,* v. EVA BUZARD *et vir, Appellants.*

PLEADING — AMENDMENT OF COMPLAINT ON TRIAL.

In an action to quiet title in which the defendants had set up the defense that the taxes on the land in controversy had been paid by them, it was not an abuse of discretion for the court to permit the plaintiff on the trial to amend her complaint by interlineation so as to show payment of taxes for certain years by her grantor.

EVIDENCE — OBJECTION TO ADMISSION — TIMELINESS.

The refusal of the court to strike the testimony of a witness, on the ground that it related to transactions with a deceased person and that the witness was disqualified under Bal. Code, § 5991, as being a party in interest, was not error, where the testimony was admitted without objection, the witness subjected to a rigid cross-examination on the matters involved, but no examination made as to his alleged interest and no opportunity afforded him for explanation, and the motion to strike his testimony was not interposed until some days following its admission.

PAROL — ADMISSIBLE TO IDENTIFY DESCRIPTION IN DEED.

Under the rule that parol evidence is admissible to identify the property described in and conveyed by a deed, in order to ascertain to what property the particulars of description in the deed apply, it is permissible to prove by parol that a tract of land described in a deed as "lot 6" was intended to include an unnumbered fractional lot adjoining.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Lyman E. Knapp,* for appellants.

*Smith & Cole,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—In December, 1872, Henry L. Yesler was the owner of the premises in controversy and platted the land into Terry's Second Addition to the Town of Seattle.

15-24 WASH.

In this plat was a block, numbered 42, of fractional area. The north half of said block consisted of lots 2, 3 and 6 and a triangular piece of land adjoining Yesler way, formerly Mill street, which triangular piece of land is the subject of this controversy. In May, 1887, Yesler gave Everett Smith a bond for a deed of the north half of said block. This bond described the property as lots 2, 3, 6, and fractional lot 7, in block 42. At this time the streets had not been graded and the property was covered with brush and stumps. Yesler took Smith on to this land and pointed out the boundaries of the lots sold, which included all of the east half of the block. Smith immediately cleared the east half of the block, including the tract in controversy, of all its brush and stumps. In June, 1887, Smith paid Yesler the amount of the bond purchase price and received a warranty deed of conveyance. The description in the deed was "lots 2, 3 and 6 of block 42." The reason for variation between bond for deed and deed was that when the abstract of title was procured by Smith the true description of the property was found to be as inserted in the deed. It seems that there were two plats of said addition, and on the one which the conveyancer followed was a certificate of an abstractor that lot 6 included the fractional lot which is now denominated "fractional lot 7." Immediately upon the execution and delivery of this deed, Smith sold and conveyed lot 6 to S. Newman; taking him upon the ground and pointing out its boundaries, which were clearly defined by the clearing made. The property shown by Smith to Newman, as in the case of Yesler to Smith, included the fractional lot now in controversy. Mr. Newman took possession, and afterwards, in 1897, sold and conveyed the premises by general warranty deed to Lizzie Newman, the respondent. In 1898 the administrators of the estate of Yesler, deceased, offered for sale and sold to

appellant Buzard a tract described as "all the right, title, and interest of the Estate of Henry L. Yesler in and to fractional lot, not numbered, adjoining on the south lot 6 of block 6 of Terry's Second Addition to the city of Seattle," by which sale it was intended to convey the interest of the Yesler estate to the triangular piece of land in controversy.   When such sale became known to respondent, this action was brought by her to quiet title to the said fractional lot; and, upon a trial of the cause, judgment was rendered in favor of plaintiff (respondent here), and a decree entered in accordance with the prayer of the complaint.  From such judgment this appeal is prosecuted.

The first assignment of error is that the court abused its discretion in allowing an amendment to the complaint on the trial, by interlineation, alleging that the plaintiff's grantor, S. Newman, paid all the taxes legally assessed against the property from 1887 to 1894, inclusive.   It is alleged by the appellant that he was taken by surprise, and should have been allowed time to have investigated and secured copies of the records  of assessments.   We think this contention was fairly answered by the court, upon the objection made at the time, when it said:  "The defendant seems to set up the affirmative here,—the defense that they have paid all the taxes that were ever assessed against the property.   They must have known something about the question of taxes, or they wouldn't have made that allegation."   In addition to this, the amendment of pleadings is a matter so largely delegated to the discretion of the trial court that, unless there is a plain abuse of such discretion, it will not be interfered with by this court, and in this case we think the action of the court was not conducive to the injury of appellant.

The second allegation is that the court erred in admitting the testimony of Everett Smith relating to Yesler

showing him the ground contracted to be sold, and the refusing to strike the same, for the reason that Yesler is dead and cannot be heard, and Smith is an interested party, within the meaning of the law. It appears that Smith some twelve years before the commencement of ˙the action had given to Newman a deed for this land, with a clause of general warranty; and it is claimed by the appellant that his liability on the warranty constitutes him a party in interest, under § 5991, Bal. Code, which provides that:

"In an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title by, through, or from any deceased person, or as the guardian or conservator of the estate of any insane person, or of any minor under the age of fourteen years, then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased or insane person, or by any such minor under the age of fourteen years."

Without deciding whether the statute was intended to apply to a case of this kind, it is sufficient to say, in the first instance, that the testimony was admitted without objection, that the appellant entered into a rigid cross-examination of the witness on the subject involved, and that it was not until some days after that a motion was made to strike the testimony for the reason alleged. It is stated by the appellant, in an affidavit which appears in the record, that the reason he did not object was that he was taken by surprise, and that the testimony was given ˙so rapidly that he did not think to object. But the appellant must have been notified of the interest that Smith had, if any, in the result of this suit, for the complaint discloses it, by alleging that the title of the respondent

came through Smith by warranty deed. In addition to this, there was no showing made at the trial of the interest that Smith may have had. He was not examined as to his interest. If he had been, he might have had some explanation to make of the seeming interest that he had by reason of his warranty. This opportunity was not given. The question was not raised timely, and the court committed no error in refusing to strike the testimony.

The same may be said in relation to the third assignment,—that the court erred in the admission of testimony by witnesses Lowman and Everett Smith relating to what was intended to be conveyed by the deed by said Yesler to said Smith, and also in refusing to strike said testimony. It is insisted that parol evidence is not admissible to vary or explain the description of a deed where there is no ambiguity, and cases are cited by appellants to sustain this proposition. The correctness of this rule will not be disputed, and it is evident that there is no ambiguity in this deed itself. But the rule is different where the ambiguity arises outside of the deed. In such instance, parol evidence is admissible to explain it. Said Mr. Greenleaf, in vol. 1, § 277, of his work on Evidence:

"The duty of the court in such cases is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of the words they have used. It is merely a duty of interpretation; that is, to find out the true sense of the written words, as the parties used them; and of construction, that is, when the true sense is ascertained, to subject the instrument, in its operation, to the established rules of law."

And in § 282 it is said:

"To ascertain the meaning of these words, it is obvious that parol evidence of extraneous facts and circumstances may in some cases be admitted to a very great ex-

tent, without in any wise infringing the spirit of the rule under consideration."

It seems to us that this is a case which falls within the announcement just quoted, where parol testimony should be admitted, not to show that it was not the intention of the grantor and grantee to convey lot 6, but that by the use of the words "lot 6," which they employed in the written instrument, the intention was to convey the triangular piece of land adjoining lot 6, and which it was supposed was embraced in the description "lot 6." Parol evidence is, and must of necessity be always, admissible to identify the property described in and conveyed by a deed, to ascertain to what property the particulars of description in the deed apply. *Ames v. Lowry,* 30 Minn. 283 (15 N. W. 247).

See, also, *Hicklin v. McClear,* 18 Ore. 126 (22 Pac. 1057); *Sengfelder v. Hill,* 21 Wash 371 (58 Pac. 250).

No prejudicial error was committed by the admission of the abstract of title.

In answer to the fifth assignment, that the evidence adduced at the trial did not justify the findings of fact, we will say, without specially reviewing the testimony, that an examination of the statement of facts convinces us that the findings were justified. The equities in this case seem to be with the respondent, and the judgment is affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.