[No. 6309. Decided December 21, 1906.]

MILBERT F. PRICE *et al.*, as Puritan Manufacturing
Company, Appellants, v. CHARLES STANBRA,
Respondent.[1]

CONTRACTS—PAROL EVIDENCE TO CONTRADICT WRITING. Parol evidence is admissible to show that a written contract for the sale of goods has been changed, and did not correspond with the contract signed or the one actually made.

SAME—SUFFICIENCY. The uncontradicted evidence of two witnesses that an order for the sale of goods was signed as the agent was about to leave for a train, under an agreement that its terms would be changed to correspond with the agreement of the parties, is sufficient to overcome the written agreement, where the writing did not correspond to the agreement sought to be enforced.

SALES—DEFINITENESS—RESCISSION BY BUYER—QUESTION FOR JURY. In an action for goods sold and delivered upon an indefinite order, taken by a salesman, leaving much to the discretion of the vendor in filling it, the question whether the buyer was justified in refusing to accept the goods on the ground that they were not the goods ordered is for the jury, where there was evidence to the effect that the articles most desired and which the buyer insisted should constitute the bulk of the order were omitted entirely, leaving the entire order to consist of jewelry which he particularly informed the salesman he had little use for.

SALES—ACCEPTANCE. Taking goods from a carrier, and holding them subject to the vendor's order, does not amount to an acceptance of the goods, although the goods were first returned to the carrier to be returned to the vendor, where the carrier threatened to sell for shipment and storage charges.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered January 16, 1906, upon the verdict of a jury rendered in favor of the defendant, in an action for the price of goods sold and delivered. Affirmed.

*Abrams & Abrams*, for appellants.

*Dorr & Hadley*, for respondent.

[1]Reported in 88 Pac. 115.

FULLERTON, J.—The appellants brought this action against the respondent to recover the sum of two hundred dollars and interest, which they alleged was the purchase price of certain articles of jewelry that they had theretofore sold and delivered to the respondent. The action was based upon a writing in the form of an order, bearing the signature of the respondent. The respondent, however, while admitting that the order sued upon bore his signature, denied that it was the order given by him, but averred, on the contrary, that it had been altered by the appellants or their agent, so that it did not express the agreement actually made or the agreement as originally signed.

On the part of the appellants, the evidence tended to show that the respondent gave to their traveling salesman a written order for certain goods; that the goods had been shipped pursuant to the order; that the respondent at first refused to receive them, but directed them to be returned to the appellants by the express company; that on the goods being returned, the appellants refused to take them back, whereupon the respondent directed the express company to return them to him, which was done. They also showed a demand for payment, and a refusal on the part of the respondent to pay.

The evidence on the part of the respondent tended to show that one M. Emanuel, styling himself, and styled on the printed literature of the appellants, the "Pacific Coast Manager" of the appellants, called upon the respondent and requested him to purchase a bill of goods of the appellants listed on a printed form which the manager had with him, costing $384.45. The respondent informed him that he could not use that quantity of the goods listed, and did not want to make so large an investment in any event, but said he would give an order to the amount of $200 if it could be made up of a small quantity of sterling jewelry, and the balance in Roger's cutlery and tableware and gold-handled umbrellas. The manager consented to this and the articles were agreed

upon.   The manager thereupon stated that he had just time
to reach a train on which he desired to leave the city, and
that if the respondent would sign the printed form he would
change it, when he found more leisure time, so as to make it
correspond with the agreement, and send it in to his princi-
pals.   The respondent thereupon signed the printed form sub-
mitted, which was carried away by the manager.   The evi-
dence tended to show, further, that the goods shipped were
made up entirely from jewelry taken from the printed list,
and, while stated to be two hundred dollars of value in quan-
tity, did not contain any gold-handled umbrellas, or Roger's
cutlery or tableware, and did not comply with the written
order as signed nor with the order as actually given.   After
examining the shipment and learning this fact, the respondent
notified the appellants that he would not receive them, and
afterwards directed them to be returned to the appellants by
the express company.   He testified that, after the property
had been refused by the appellants and had lain in the express
office for some time, he was notified by the express company
that they would be sold for express and storage charges if
not taken away at once.   He thereupon directed them to be
returned to him, and has since held them subject to the ap-
pellants' order.   The case was tried by a jury, and resulted
in a judgment for the respondent to the effect that the ap-
pellants take nothing by their action.

While the errors assigned are numerous they are discussed
by the appellants under general heads, and it is in this manner
that we shall consider them.   It is first contended that the
court in permitting the respondent to offer evidence tending
to show that the writing sued upon was not the contract ex-
ecuted by him, and did not conform to the agreement actually
made, violated the rule of evidence to the effect that a parol
contemporaneous agreement cannot be shown to vary the
terms of a written contract.   But we think this rule is with-
out application to the facts shown by the record.   Had it

been conceded, or had the appellants been able to show, that the contract sued upon was the contract signed by the respondent, then unquestionably he would not be permitted to alter or vary its terms by showing a different prior or contemporaneous parol agreement. But the respondent alleged that the agreement sued upon was not the one he signed, nor the actual agreement entered into between himself and the appellants, and the rule of evidence cited did not prohibit him from proving these facts. It is not the rule that one person may vary and alter the terms of a written contract and then afterwards enforce it, on the principle that it is a writing that cannot be questioned by parol evidence. The rule contended for applies only to written contracts admitted or duly proved to have been executed in the form in which they are sought to be enforced. It has always been permissible to show by parol evidence that a writing purporting to bind a party has been altered or varied without the consent of that party by another in whose favor it runs. So, in this case, it was competent for the respondent to show by parol that the contract sued upon was not the one executed by him, and that, as altered, it did not express the real agreement between the parties thereto.

It is next insisted that if the contract can be shown by parol to have been altered by the appellants, the evidence to that effect must be clear and convincing, and that here it was not so. The only evidence upon this subject was that of the respondent and a person in his employ who was then in his place of business. They both testify substantially to the facts as we have recited them. The manager who took the order did not testify, and none of the appellants' witnesses were questioned concerning the matter. On this branch of the case, therefore, we think the evidence sufficient to sustain the verdict of the jury.

It is argued further that the respondent was unable to state definitely what he conceived the actual contract to be between

himself and the appellants, and for this reason he ought not to be permitted to assert that the order as given was not correctly filled. While it is true that the order for goods given, as testified to by the respondent, would leave much to the appellants' discretion in filling it, still he made it plain that, even under the wide latitude allowed, the privilege of selection was more than abused. In fact, the articles that he desired the most and which he insisted should constitute the bulk of the order, were omitted altogether, leaving the entire order to consist of articles of jewelry of the character the respondent was particular to inform the appellants' salesman he could use but little. The question was therefore one for the jury, and their finding is conclusive here.

Finally, the appellants insist that the act of the respondent in directing the express company to return the goods to him was an acceptance of them, and estopped him from disputing the fact that the order had been properly filled. But clearly this is not so unless the respondent did in fact accept them, or did, in some manner, convert them to his own use. The respondent was under no obligation to return the goods to the appellants. He had the right to take them from the carrier and examine them; and if, after such examination, he found that they did not comply with the order, to hold them himself subject to the appellants' direction. He did not lose this right by delivering them to a carrier to be returned to the appellants. The carrier was his agent, and, hence, he was not guilty of accepting them or converting them to his own use when he took them from the carrier to prevent their sale for shipment and storage charges.

We find no error in the record and the judgment will stand affirmed.

MOUNT, C. J., HADLEY, DUNBAR, ROOT, and CROW, JJ., concur.