[No. 7806.   Decided May 26, 1909.]

Robert Wetzler, *Respondent*, v. E. D. Nichols *et al.*,
*Appellants.*[1]

Deeds—Description—Sufficiency—Latent Defects — Extrinsic
Evidence.   Where an addition contained twelve blocks numbered
from 1 to 12 consecutively, each consisting of sixteen lots numbered
from 1 to 16 consecutively, a deed of lots 7 and 8 in said addition
is not void for uncertainty, as between grantor and grantee, where
the grantors owned no lots 7 and 8 in said addition except in block
5, since the defect is latent and is explainable by extrinsic evidence.

Vendor and Purchaser—Bona Fide Purchaser—Record—Notice.
The record of a deed of lots 7 and 8 in an addition without specify-
ing the block is sufficient to put a subsequent purchaser on notice,
where the grantors only owned lots 7 and 8 in block 5 of the addi-
tion, and where an inquiry of the grantor or grantees would have
disclosed that the grantees were claiming the lots under such deed.

Appeal from a judgment of the superior court for King
county, W. H. White, Esq., judge *pro tempore*, entered May
19, 1908, upon findings in favor of the plaintiff, after a trial
on the merits before the court without a jury, in an action
to quiet title.   Affirmed.

*Chas. M. Fouts* and *Kitt Gould*, for appellants.

*Roberts & Hulbert*, for respondent.

Mount, J.—This action was brought by the plaintiff to
remove a cloud from the alleged title to lot 8, in block 5,
Cove addition to Seattle.   The defendants, E. D. Nichols and
wife, allege the title in themselves to an undivided one-half
interest in this lot, and pray for a partition thereof.   After
a trial, the court found that the plaintiff was the owner in
fee, and that defendants were not innocent purchasers and
had no interest in the lot.   A decree was entered quieting the
plaintiff's title.   The defendants have appealed from that
decree.

The facts are as follows:   It is conceded that the respond-

[1]Reported in 101 Pac. 867.

ent is the owner of an undivided one-half interest in the lot, acquired by mesne conveyances from the heirs of the Noah Flickinger estate. The other half of the lot was conveyed by the heirs of said estate to J. W. Rayburn, and by Rayburn, without consideration, to his step-son, W. G. Alexander. Thereafter, on June 4, 1907, J. W. Rayburn and wife and W. G. Alexander intended to convey lots 7 and 8, in block 5, Cove addition to Seattle, to one M. M. Gleason, but the scrivener who prepared the deed, when writing the description in the blank form of the deed, described the lots as follows: "Lots seven (7) and eight (8) in Cove addition to the city of Seattle, Washington." This deed was executed, delivered, and filed for record on the same day. Respondent, by mesne conveyance, acquired the whole interest of M. M. Gleason in the lot. In the month of July following the execution of the deed of June 4, it was discovered that the description in the deed of June 4 was deficient because the block number was not stated. The scrivener who prepared the deed thereupon prepared another one, properly describing the property, and then requested Mr. Rayburn to execute the same for the purpose of correcting the former deed. Mr. Rayburn refused to do so unless he was paid the sum of $200. He afterwards contended that lot 8 should not have been included in the deed, and finally prepared a deed himself, describing the property as follows: "Lot seven (7) in block 5, in Cove addition to the city of Seattle in said county and state. This deed is made for the purpose of correcting a mistake in that certain deed made by said first parties to said second party on the 4th day of June, 1907, and recorded on the 4th day of June, 1907." This deed was executed, delivered, and recorded on August 21, 1907, with the understanding when it was delivered that the owners of lot 8 would "fight it out" with him as to that lot. Thereafter, on September 19, 1907, W. G. Alexander, for a consideration of $500, conveyed an undivided one-half interest in lot 8, in block 5, to the appellant E. D. Nichols, who now claims to be an

innocent purchaser without notice of the claim of the respondent.

Cove addition to Seattle contains twelve blocks, numbered from 1 to 12 consecutively, and each block contains sixteen lots, numbered from 1 to 16 consecutively. · It is conceded that all conveyances with reference to lots 7 and 8 in Cove addition, in which either Mr. Rayburn or Mr. Alexander was interested, referred to block 5 of that addition, and that they never had any interest in any block in this addition except block 5. The conveyances above referred to were all of record when appellant Nichols purchased the undivided one-half interest in the lot in question. The controlling questions in the case are: Was the deed of June 4, 1907, above referred to, void for uncertainty? If not void, was that deed sufficient to put the appellant Nichols upon notice? The deed of June 4, 1907, executed by Rayburn and wife and Alexander, describes the property as "lots seven (7) and eight (8) in Cove addition to the city of Seattle." There appears to be no fatal defect upon the face of this deed, or of the description. If Cove addition consisted wholly of lots or wholly of numbered tracts, this description is clearly sufficient to convey the lots 7 and 8 therein mentioned. We must, therefore, look outside of the deed itself to find any uncertainty or irregularity or infirmity. It follows that the infirmity in the deed, if any at all existed, is a latent and not a patent one, and subject to explanation by parol evidence. 1 Ency. Evidence, p. 844.

In *Newman v. Buzard*, 24 Wash. 225, 64 Pac. 139, this court said:

"Parol evidence is, and must of necessity be always, admissible to identify the property described in and conveyed by a deed, to ascertain to what property the particulars of description in the deed apply."

Looking outside of the deed, the facts appear that Cove addition to Seattle consists of twelve blocks; that each block contains sixteen lots, numbered from 1 to 16 inclusive. There

were therefore twelve lots in that addition numbered 7 and 8. If the grantors in the deed had owned other lots numbered 7 and 8 in other blocks, it would then be impossible to tell which lots were intended to be conveyed. But it appeared in this case that the grantors in the deed owned an undivided interest in lots 7 and 8, in block 5, and that they owned no interest in any other lots 7 and 8 except those of block 5 of Cove addition.

In *Dougherty v. Purdy*, 18 Ill. 206, it was said, at page 208:

"When an ambiguity is duly made to appear by the introduction of proof outside the deed, it is a latent ambiguity, and may be explained in the same way that it is shown. If the deed purport to convey black acre, and it is shown that there are two tracts of land known by that designation, the mind is sufficiently satisfied as to which is meant, by showing that the grantor owned one of those tracts, for the presumption then is that he intended to convey the tract which he owned, rather than the one which he did not own."

In *Smith v. Crawford*, 81 Ill. 296, it was said:

". . . a devise or grant will only be held void for uncertainty, where, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument."

See, also, *Langert v. Ross*, 1 Wash. 250, 24 Pac. 443; *Carson v. Railsback*, 3 W. T. 168, 13 Pac. 618; *Sengfelder v. Hill*, 21 Wash. 371, 58 Pac. 250.

Considering the facts above stated in the light of this rule, it appears certain that the grantors intended to convey lots 7 and 8, in block 5, Cove addition to Seattle, and that as between the grantors and the grantee in the deed of June 4, 1907, the whole interest of the grantors was conveyed to the respondent.

The question remains: Was this deed sufficient to put a subsequent purchaser upon notice? We think it was. The record showed that Rayburn and Alexander owned no interest in any other lots numbered 7 and 8 in this addition.

They had deeded these lots away and the deed was of record. An inquiry of Rayburn would have revealed the fact, or an inquiry of his grantee would have disclosed, that the grantee or her successors in interest were claiming the lots by virtue of the deed of June 4, 1907, and intended to "fight it out" with the grantor. In *Sengfelder v. Hill, supra,* this court said, at page 379:

"When an intending purchaser searches the records to ascertain the state of the title, and finds a deed of record, good on its face, made by a common grantor, he cannot with impunity ignore it simply because he fails to find of record any property to which the given description is applicable, but must inquire outside of the record whether or not there was at the time the deed was made property to which the description can be applied, and whether the deed conflicts with the title to the property he intends purchasing. If he fails to so inquire, and such deed afterwards proves to affect property he has purchased, he must be held to have purchased with constructive notice."

And in *Deering v. Holcomb,* 26 Wash. 588, 598, 67 Pac. 240, 561, quoting from a decision of the supreme court of the United States, this court said:

"Whatever is notice enough to excite attention, and put the party on his guard, and call for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it."

See, also, *Dormitzer v. German Savings & Loan Ass'n.,* 23 Wash. 132, 207, 62 Pac. 862, particularly on page 218; *Bullock v. Wallace,* 47 Wash. 690, 92 Pac. 675.

The deed of June 4, above referred to, which was standing of record, even if it was not notice of itself, was alone sufficient to put the appellant upon inquiry as to whether Rayburn and Alexander had not parted with all their title. It follows that the appellants were not purchasers without notice, and therefore acquired no interest in the lots in question as against the respondent.

The judgment of the lower court must therefore be affirmed.

RUDKIN, C. J., CROW, GOSE, FULLERTON, and CHADWICK, JJ., concur.

. DUNBAR, MORRIS, and PARKER, JJ., took no part.