[No. 18405.   Department One.   April 23, 1924.]

W. A. WASHER, *Respondent,* v. A. J. COLE, *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS.   Findings on conflicting evidence in an equity case will not be disturbed on appeal unless it can be said that the evidence preponderates against them.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered July 31, 1922, upon findings in favor of the plaintiff, in an action to foreclose a logger's lien, tried to the court.   Affirmed.

*Fred M. Bond,* for appellant.

*Welsh & Welsh,* for respondent.

HOLCOMB, J.—In this suit to foreclose a logger's lien for services performed upon the premises described in the complaint, at the rate of thirty cents per thousand feet B. M. for all trees and timber cut from the land described, and expenses in connection therewith, including board and lodging, the trial court granted respondent a judgment in the sum of $1,318.25, after deducting all just credits and offsets, together with interest at the legal rate, and an attorney's fee in the sum of $250, and costs.

Appellant contended that the agreement between him and respondent was that the logging operations performed by respondent should not cost appellant over eight dollars per thousand feet.

The controversy wages over the question of fact of whether the contract was one for thirty cents per thousand feet for all the timber felled, or with the further condition that the cost should not exceed eight dollars per thousand feet.

The contract was for logging seven forty-acre tracts on which the lumbering timber was apparently some-

[1]Reported in 224 Pac. 935.

what scattered. Respondent supervised the falling of about 5,400,000 feet of timber, board measure, but before the land was completely logged, it seems, according to respondent's case, appellant stopped operations. The price agreed upon may have been too high to be profitable to appellant.

The trial judge, who had the witnesses before him, found in favor of respondent. Numerically, the witnesses for respondent exceeded those for appellant, and as to their credibility, we are not in the same position to judge as was the trial court. The trial judge analyzed the facts very convincingly.

Under our long established rule, the findings of the trial court will not be disturbed on appeal where the evidence is conflicting, unless we are able to say from the record that the evidence preponderates against the findings of the trial court. There was a square conflict in the evidence, but the preponderance is with respondent rather than with appellant. We are therefore unable to disturb the judgment.

Judgment affirmed.

MAIN, C. J., TOLMAN, MITCHELL, and MACKINTOSH, JJ., concur.