[No. 19753.  Department One.  April 5, 1926.]

## B. BERTELSON, *Appellant*, v. HATTIE ARTHUR *et al., Respondents.*[1]

[1] EVIDENCE (149)—PAROL AFFECTING WRITING—BILL OF SALE OF CHATTELS.  Parol evidence of fraud and deceit in the sale of an apartment house and furniture is not inadmissible as varying the terms of the written bill of sale; especially where the bill of sale was incomplete and obscure, and did not embody the terms of the agreement.

[2] APPEAL (418)—REVIEW—FINDINGS.  Findings on conflicting evidence will not be disturbed on appeal unless the evidence preponderates against them.

Appeal from a judgment of the superior court for King county, Truax, J., entered June 19, 1925, upon findings in favor of the defendants, in an action for fraud.  Affirmed.

[1]Reported in 244 Pac. 695.

*Bates & Peterson* (*J. W. A. Nichols,* of counsel), for appellant.

*Carkeek, McDonald, Harris & Coryell,* for respondents.

Holcomb, J.—This action is for damages for fraud and deceit in the sale of an apartment house.

Appellant bought the apartment house from respondents for $19,100. They gave him a bill of sale purporting to grant, bargain, sell and convey all the furniture, fittings, and leasehold interest, together with the good will, of the business. The bill of sale was delivered on April 10, 1924, but appellant was not to take possession of the apartment house until May 1, 1924.

On taking possession, he alleges that he discovered two conditions at variance with the representations made by respondents as inducements for the purchase, namely: (1), that the furniture in six of the apartments was not the property of the vendors, but belonged to the tenants in the several apartments; and (2) that a considerable portion of the furniture, linen, carpets, rugs, etc., was either entirely missing or, instead of being in fine condition as represented, was badly worn and in some instances practically worthless.

Appellant prayed for judgment against respondents for $10,000 for that part of the property owned by the tenants in the apartment house, plus the loss in value of the goods misrepresented. The trial court, after hearing all of the evidence and seeing the witnesses, made findings of fact in favor of respondents, and refused findings of fact proposed by appellant in his favor.

Appellant bases his errors upon certain findings

made by the trial court, and in denying those and the judgment proposed by appellant.

[1] The principal contention of appellant is that, since the bill of sale is on the same footing as other written instruments with respect to the admission of parol evidence to vary the same (17 Cyc. 593), the trial court erred in receiving considerable evidence tending to vary, add to, or contradict the written bill of sale.

This action is one for fraud and deceit. We have always held that, in such cases, parol evidence may be received to a very great extent in order to show whether there was fraud and deceit practiced by either party, or the contrary. *O'Connor v. Lighthizer,* 34 Wash. 152, 75 Pac. 643; *Naden v. Christopher,* 62 Wash. 413, 113 Pac. 1116; *Boynton v. Johnson,* 68 Wash. 370, 123 Pac. 522; *Farley v. Letterman,* 87 Wash. 641, 152 Pac. 515; *Union Machinery & Supply Co. v. Darnell,* 89 Wash. 226, 154 Pac. 183; *Tacoma & Eastern Lumber Co. v. Field & Co.,* 100 Wash. 79, 170 Pac. 360. The rule is recognized as general in 22 Cyc. 1215; also, Id. 1144.

The bill of sale contained no inventory of the property transferred to appellant, and therefore, being obscure, what was in the contemplation of the parties in giving and receiving it is subject to parol explanation. *Pickering v. Roeder,* 104 Wash. 539, 177 Pac. 321. See, also, *Newman v. Buzzard,* 24 Wash. 225, 64 Pac. 139; *Wetzler v. Nichols,* 53 Wash. 285, 101 Pac. 867, 132 Am. St. 1075; *Moses Land Scrip & Realty Co. v. Stack-Gibbs Lumber Co.,* 56 Wash. 529, 106 Pac. 207; *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C 583; 22 C. J. 1261.

The bill of sale was merely evidence of the transfer of title to the property, and does not embody the terms of the contract in such a way as to exclude parol evi-

dence. *Price v. Stanbra*, 45 Wash. 143, 88 Pac. 115; *Andersonian Investment Co. v. Wade*, 108 Wash. 373, 184 Pac. 327.

[2] The trial court found that appellant knew that the furniture in the six apartments was not to pass by the bill of sale. An examination of the evidence discloses that, while there was a conflict therein, there was no preponderance against the finding of the trial court to the above effect. It is our established rule that findings of the trial court will not be disturbed when the evidence is conflicting, unless we conclude from the record that the evidence preponderates against the findings of the trial court. *Washer v. Cole*, 129 Wash. 331, 224 Pac. 925.

The above finding being sustained by competent, and, as weighed by the trial court, credible evidence, we are unable to disturb it.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, FULLERTON, and MAIN, JJ., concur.