# Clark *et al. v.* Dorsett.

(Division B.   May 5, 1930.)

[128 So. 79.   No. 28560.]

O. F. Moss, of Lucedale, for appellants.

Gardner, Brown & Backstrom, of Gulfport, for appellee.

Ethridge, P. J., delivered the opinion of the court.

Clark and Allman were complainants and filed a bill in the chancery court to reform a deed to certain timber on lands described in the deed given as being on lot 2 of a certain section, township, and range, but that by a mistake mutual between the grantor and the grantee in the timber deed the property was described as lot 2 when

it should be, and was intended to be, lot 4 of said section, township, and range.

It was alleged that Dorsett, after the giving of this timber deed and with actual notice of the complainants' right, took a deed of trust upon the land including the timber described as lot 4 in the said section, township, and range. That thereafter he foreclosed the deed of trust and was claiming the timber as well as the land, and prayed for a reformation of the original deed so as to make it include the timber on section 4 instead of section 2.

It appears from the record that Ransom Brown, the grantor in both the timber deed to Clark and Allman, and also to J. A. Dorsett in the said deed of trust to him, only owned the land described as lot 4, and did not in fact own the land described as lot 2 of the said section, township, and range. At the time that the papers were originally given, Ransom Brown owed Clark and Allman a deed of trust for money loaned him, which deed correctly described the lands as being in lot 4. Brown's wife died, and expenses had been incurred in her last sickness and burial, and Brown procured J. A. Dorsett to loan him money on a deed of trust by which trade the original deed of trust to Clark and Allman was assigned to and surrendered by Clark and Allman to Dorsett and satisfied and canceled when the deed of trust from Ransom Brown to Dorsett was given, which deed is involved in this suit. There was testimony by the complainants and certain witnesses to the effect that they had told Dorsett prior to the taking of his deed of trust that Clark and Allman had a deed to the timber owned by Ransom Brown. Dorsett admitted that he had heard a rumor that Ransom Brown had sold Clark and Allman his timber, and that he had an attorney investigate the title to see whether or not there was an outstanding deed to the timber on the land; that the attorney who examined the title reported that there was no deed on the records showing sale of timber situated on lot 4 of the said section, township, and range, but that he did find a convey-

ance on record to Clark and Allman conveying timber on lot 2 of said section, township, and range. Dorsett testified that he asked Brown about this transaction, and Brown stated that he owned the lot 2 also; that he then sent Brown to another attorney to have the papers prepared, and communicated to such attorney the fact discovered by the first attorney, and the rumor that he had heard, and this attorney also examined the record and found no deed to timber on lot 4 of record and reported the title clear, and the papers were executed.

Dorsett denied that Clark and Allman had told him they had a timber deed to the timber on lot 4 or to the lands. The attorney who investigated, the records first, testified that on returning home, after investigating the title for Dorsett, he had a conversation with Brown who was then operating a ferry, and that he told Brown he found the title clear to the timber on lot 4; that Brown had some conversation with him at that time to the effect that he had sold the timber to Clark and Allman, but that this conversation was after he had completed the investigation and reported to his client that the title to the land was good.

Brown testified that the conversation was prior to the giving of the deed of trust to Dorsett, and also that he told Dorsett he had sold the timber to Clark and Allman. Dorsett testified that he had never had any notice from either Brown or Allman to any such sale, and that he only had heard the rumor and caused the title to be investigated, and that Brown stated he also owned lot 2 as well as lot 4.

Upon proof the chancellor dismissed the bill and found for Dorsett, from which this appeal is prosecuted.

There being a conflict of the testimony upon the issue of fact, we think the chancellor was warranted in his finding of fact, or finding the necessary facts to support his judgment. The decision of conflicting evidence is for the chancellor's determination, and this suit is bound by that finding unless it is decided by an erroneous finding of law, or unless it is so overwhelming, or unless it is so

improbable and unreasonable, as to make it manifestly wrong. The appellant relies principally upon Wetzler v. Nichols, 53 Wash. 283, 101 P. 867, 132 Am. St. Rep. 1075, in which case property was described in a deed as lots 7 and 8 in Cove addition, and this was held as constructive notice of a conveyance of lots 7 and 8, block 5, in Cove addition; the grantor in said deed owning no other lots in said addition.

We do not think that a person buying property is called upon to investigate title to other lands than that embraced in his deed, or transaction which he is taking. If that title is clear and free upon the record and if the notice is a mere rumor or report that timber has been conveyed (Loughridge & Bogan v. Bowland, 52 Miss. 546), and the records show a conveyance upon other lands not embraced in the transaction apparently owned by the grantor, the investigator is not required to make a full investigation to see whether in fact the grantor in the recorded deed to lands other than that which is involved in the transaction in fact owned such lands. Under the facts before us, when Brown claimed that he owned land in lot 2 as well as lot 4, and the deed of record showed a conveyance in lot 2 rather than lot 4, the party had a right to rely upon the record. Of course, it was the duty of the appellants to see that the description in their deed was a correct description of land owned by Brown. Their negligence in this regard has placed the parties in a situation where one or the other must suffer from the transaction involved. Clark and Allman had the best means of preventing this wrong, and it is their duty to exercise care to see that their description was correct. Of course, if Dorsett had actual knowledge that would have been as effective as the record would have been, but on the trial the chancellor held Dorsett's version of the transaction as the true one, and the judgment of the court below will be affirmed.

Affirmed.