THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY vs. DROWN and others, imp.

*February 10 — March 2, 1881.*

FORECLOSURE JUDGMENT. *Additional judgment, after sale, for liability not previously determined.*

1. Section 3, ch. 243, Laws of 1862, was repealed by implication by the statute of 1877, prescribing the judgment in foreclosure actions.
2. By the terms of a mortgage, the mortgagors were bound to keep the property insured against fire to a certain amount, and assign the policy to the mortgagee, and in case of their failure to do so the mortgagee was authorized to insure to that amount, and the premiums paid were to become part of the mortgage debt. On foreclosure of the mortgage, judgment for the amount of the mortgage debt, with the costs and disbursements, was entered against the parties personally liable, under ch. 143 of 1877; but no provision was inserted therein authorizing the sheriff to pay, out of the proceeds of the sale, any sums which the mortgagee might be compelled to pay thereafter to keep the property so insured. During the year allowed by the statute for redemption before sale, the mortgagee paid premiums to keep up the insurance, on the mortgagor's default in that respect. The land having then been sold for the exact amount specified in the judgment, the court, on proof made, entered a further judgment or order for the amount so paid by the mortgagee for insurance against the parties personally liable for the mortgage debt, and awarded execution therefor. *Held*, that there was no authority for such order or judgment.

APPEAL from the Circuit Court for *Sauk* County.

Action upon a bond and mortgage. The bond was executed by the Baraboo Manufacturing Company, and *M. J. Drown, William Andrews, B. F. Mills, C. A. Sumner, H. R. Ryan, S. W. Ryan* and *A. A. Avery;* and it was conditioned for the payment of $5,000 to the plaintiff in five years from its date, with interest, etc., and for the delivery to plaintiff at its office in Milwaukee, on or before the first of May in each year, of duplicate receipts of the proper officers, showing payment of all taxes levied or assessed on the mortgaged premises during the preceding year. It further provided that, in case of the non-payment of any part of said principal or interest, or of any taxes or insurance money which might become payable according to the covenants of the mortgage, the whole amount of said principal sum should, at the option of the plaintiff, become due and payable, and the same with interest should be collectible in a suit at law or by a foreclosure of the mortgage. The mortgage was executed by the Baraboo Manufacturing Company alone, which covenanted to keep the buildings on the premises insured against loss by fire, to the amount of at least $5,000, so long as the moneys secured by the mortgage should be unpaid, and to assign and keep assigned to the plaintiff such policies; and that in case of failure to do so plaintiff might effect an insurance to the amount aforesaid, and the premiums and expenses of such insurance should be immediately paid to plaintiff, or otherwise should be added to and deemed part of the moneys secured by the mortgage. The procurement and assignment to the plaintiff of such insurance is also made one of the conditions of the mortgage; and on breach of that condition (as well as of any other) it is declared in the mortgage that the whole amount secured thereby shall become due at the option of the plaintiff.

After a judgment of foreclosure in this action, and a sale of the premises, the court made an order confirming the sale, and further ordering that the defendants above named as makers of

the bond in suit, pay to plaintiff the sum of $386.85 (insurance money paid by plaintiff between the judgment and the sale), and that plaintiff have execution therefor. From the latter part of the order all of said defendants except the Baraboo Manufacturing Company appealed.

For the appellants there was a brief by *Vilas & Bryant*, and oral argument by *W. F. Vilas:*

The appellants were not liable for the repayment of the insurance money, there being no covenant in their bond that they or any one else should keep the property insured. The cost of insurance when incurred became an addition to the obligation of the mortgagor, but not to the obligation of the appellants. Even if the appellants had been originally liable for the cost of insurance, the plaintiff has put itself, by the pleadings and proceedings in this action, out of power to assert such a demand. No claim of the kind is made by the complaint; and " the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in the complaint." 2 Tay. Stats., 1503, § 36; R. S., sec. 2886; *Bullwinker v. Ryker*, 12 Abb. Pr., 311. The first judgment fixed and settled the rights of the parties, and bound the plaintiff as well as the defendants. It merged all the obligations upon which it was based, and defined the condition upon which alone a further judgment for deficiency after sale could proceed. It adjudged what was due upon the bond and mortgage, fixed the costs, directed what was to be paid out of the moneys arising from the sale, and to what persons, and required the sheriff to report a deficiency only in case the amount so necessary was not raised. But the amount was raised, the plaintiff's attorneys receipted for it as in full of all the debt and interest adjudged by the judgment, and the sheriff filed that receipt, specifying no deficiency. This satisfied the judgment, and took away all right to any further demand. See ch. 143, Laws of 1877. It may be further suggested that the judgment completely merged the bond and mortgage, and

operated satisfaction of the provisions and covenants contained in them.   Hence the covenant to insure had no vital force after judgment, and required the mortgagor no longer to maintain the insurance, the cost of which is the sole basis of the judgment appealed from.   *Robertson v. Smith*, 18 Johns., 459; *Mason v. Eldred*, 6 Wall., 231.

*D. G. Hooker*, for the respondent:

The order that the appellants pay the cost of insurance was fully authorized by, and was made in conformity with, the provisions of the statute.   See secs. 1, 3, 7, ch. 143, Laws of 1877, which was then in force.   It was necessary that the foreclosure proceedings prior to the confirmation of sale should conform to the requirements of that act.   *Welp v. Gunther*, 48 Wis., 543.   The personal judgment against the obligors in the bond should have been, therefore, as it was, for the amount of their liability which had then accrued.   But their personal liability was not limited to the amount of the original judgment.   They were bound also for the payment of such sums as the respondent should be compelled, by the neglect of the mortgagor, to pay for insurance upon the mortgaged premises. In the absence of a statute authorizing the adjustment of this matter of insurance in the foreclosure suit, it might be necessary to sue at law for its recovery.   *Bliss v. Weil*, 14 Wis., 35; *Dunkley v. Van Buren*, 3 Johns. Ch., 330; *Globe Ins. Co. v. Lansing*, 5 Cow., 380.   But sec. 3, ch. 243, Laws of 1862 (Tay. Stats. 1704, sec. 12), gives authority for the enforcement in the foreclosure suit of every right that previously existed by suit at law for the deficiency.   The plaintiff, therefore, was entitled to judgment for the balance of the mortgage debt, at some time and in some way, in this suit.   *Burdick v. Burdick*, 20 Wis., 348.   That part of the mortgage debt represented by the insurance moneys could not have been embraced in the principal judgment, because it had not then accrued.   *Danforth v. Coleman*, 23 Wis., 528.   Nor can a judgment or order for a deficiency, as such, be entered at all

until at or after the confirmation of the sale. It cannot be done in the principal judgment to take effect after confirmation, but it must be done on application after sale, when the actual deficiency, then existing, in whatever manner it may have arisen, must be made to appear. *Tormey v. Gerhart*, 41 Wis., 54. Even if the personal liability of appellants was limited to the amount of the judgment rendered against them, yet the final order requiring them to pay the balance of the mortgage debt remaining unpaid after sale, is valid. The sum paid for insurance did not become a separate item of indebtedness, but, by the terms of the contract, became "part and parcel of the moneys secured" by the mortgage. Regarding these sums as separable from the principal debt, they should be treated like taxes paid subsequent to judgment, and be first repaid from the proceeds of sale. The court had power, by its final order, to so adjust the matter as, in effect, to repay the insurance moneys from the proceeds of sale and to keep in force a like amount of the judgment previously rendered. And it is wholly immaterial what particular form the order may have taken, whether for an amount in addition to, or as part of, the judgment. In either case the rights of the parties remain the same, and the transaction is, in effect, the same. *Eagle Fire Ins. Co. v. Pell*, 2 Edw. Ch., 631.

COLE, C. J. It is not entirely clear that the condition of the bond imposed upon the appellants the obligation of paying the insurance money which the respondent paid out after the judgment of foreclosure and sale was rendered. The Baraboo Manufacturing Company was undoubtedly bound by the covenants of its mortgage to repay this money. For the purposes of this case we assume that the appellants incurred the same responsibility. The question then arises, Could that liability be enforced in the manner attempted in this suit? It seems to us it could not. A reference to the steps taken in the cause is all that is deemed necessary to show the correctness of this view.

The action was to foreclose a mortgage given by the Baraboo Manufacturing Company. It is a fair inference from the record that this company was the principal debtor, the appellants having signed the bond as sureties. The appellants and others, who were subsequent incumbrancers, were made parties defendant to the foreclosure suit. There was no appearance by any defendant, and judgment of foreclosure and sale was entered on default. In the judgment the amount due on the bond and mortgage was determined, and the court adjudged that the plaintiff recover of the obligors of the bond that amount, together with costs and disbursements. The judgment was entered pursuant to the provisions of chapter 143, Laws of 1877. By the first section of that statute it is provided, that if the plaintiff recover, judgment shall be entered in his favor against the defendants personally liable for the indebtedness which the mortgage was given *to secure*, with interest and costs. Such a judgment was taken in this case. At the expiration of the period of redemption, the mortgaged property was sold for the full amount of the judgment and costs, which, together with the interest, was paid over to the plaintiff's attorneys, and a receipt taken for the same. After this was done, on an affidavit of the assistant cashier of the plaintiff that intermediate the entry of the judgment and sale of the premises the plaintiff had insured the property, an order or judgment was entered against the appellants for $386.85 insurance money thus paid out, and that execution issue therefor.

We do not know of any law or rule of practice which would authorize such an order. To our minds it is perfectly clear that the personal liability of the appellants — so far, at least, as this action was concerned — was limited and fixed by the amount of the original judgment. That judgment was satisfied and discharged out of the proceeds of the sale of the property. But the learned counsel for the plaintiff says that the default to keep up the insurance did not occur until after the judgment was entered, and therefore the claim for pre-

miums paid in consequence of such default could not have been anticipated or provided for in the original judgment. But it seems to us there might have been a direction in the judgment for the sheriff to pay out of the proceeds of the sale any taxes or insurance money which would become due and might be paid by the plaintiff intermediate the entry of the judgment and sale. We see no difficulty in framing a decree to meet such a case. The mortgage contained a covenant that the mortgagor would keep the building standing on the land insured against loss by fire, in some solvent insurance company, to the amount of at least $5,000, and would assign the policy to the plaintiff. In case the mortgagor failed to keep up such insurance, the mortgagee was authorized to effect an insurance to that amount, and the premiums paid were to become a part of the mortgage debt unless otherwise discharged. There was also a covenant that the mortgagor would pay all taxes annually assessed upon the property. It seems to us provision might have been made in the judgment for reimbursing the plaintiff for any money which it might pay out under these covenants before the property was sold on foreclosure. But as no such provision was made in the judgment, we deem it entirely irregular and unwarranted to attempt to collect those moneys out of the appellants in the manner resorted to in this case. If provision had been made in the judgment for paying future insurance money, the appellants might, as claimed by their counsel, have protected themselves by seeing that the mortgaged property sold for enough to meet all liabilities which they had incurred on the bond. As the case stands, we must hold that the judgment definitively settled their liability, so far as this action is concerned, and that the order appealed from was erroneous. The counsel for the plaintiff attempted to sustain the order under section 3, ch. 243, Laws of 1862. But we have no doubt that this section was repealed, by implication, by the subsequent statute of 1877, which prescribed what the judgment should be in foreclosure actions.

It follows from these views that the order of the circuit court must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*By the Court.*— So ordered.

Mr. Justice CASSODAY, being a policy-holder in the plaintiff company, took no part in the decision of this cause.