[No. 4073.  Decided February 3, 1902.]

JOSEPHINE YOUNG, *Appellant,* v. JACOB STAMPFLER *et ux.,*

*Appellants.*

ESTOPPEL — COVENANTS IN DEED — PAROL EVIDENCE.

Where an equitable estoppel is pleaded as a defense to an action for breach of a covenant of warranty in a deed given by defendants to plaintiff, parol evidence, although inadmissible for the purpose of varying the covenant, is admissible for the purpose of showing that such covenant was obtained in such a manner as to amount to a fraud upon the covenantors if its enforcement were allowed.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge.  Reversed.

*J. W. Robinson,* for plaintiff.

*Allen Weir* and *Troy & Falknor,* for defendants.

The opinion of the court was delivered by

WHITE, J.—A judgment for one dollar and costs in favor of the plaintiff was rendered in the court below. Both plaintiff and defendants appeal from the same. The evidence is not brought up with the findings of fact. The plaintiff brought the action to recover $210 and interest, the consideration alleged to have been paid for a certain six acre tract of land, alleging breach of a covenant against incumbrances contained in the deed conveying the land from the defendants to the plaintiff. The deed contained a covenant against incumbrances except taxes, and was in form a general warranty deed. While the premises were owned by one Holstein, they were mortgaged. After the conveyance to the plaintiff by defendants, suit was brought to foreclose this mortgage. The defendants, with others, among whom was William Jamieson, were made defend-

ants in the foreclosure suit. Plaintiff was not made a defendant. Plaintiff never at any time placed her deed on record, never took possession of the land, and never at any time exercised or attempted to exercise any rights of possession or ownership therein. In the foreclosure suit defendants defaulted. Judgment of foreclosure on the mortgage was obtained. A decree of foreclosure decreed the sale of the premises, and that the purchaser be let into possession. The property was sold under the decree, sale was confirmed, and the purchaser at such sale received a sheriff's deed. Plaintiff had no knowledge of the mortgage, foreclosure suit, or sale until after the execution of the sheriff's deed. The land was open, unimproved, and unoccupied. After the execution of the sheriff's deed, plaintiff made a quit claim deed to the defendants for the land, tendered it to them, and demanded the $210 alleged purchase price and interest. Defendants refused to accept the deed or pay the sum demanded.

The defendants pleaded in this action a separate defense in substance as follows: That prior to the 3d day of April, 1895, one W. Jamieson was the owner of the land in fee simple; that while Jamieson owned the land, and before the 3d of April, 1895, defendant Jacob Stampfler owned a certain judgment for $430 against Jamieson and against E. T. Young, the husband of the plaintiff. On said judgment Stampfler issued an execution against the property of Young and Jamieson. This execution was levied upon the land, and the same was sold in due and regular manner as the property of Jamieson. Jacob Stampfler, for $210, became the purchaser at such sale. The sale was confirmed. Stampfler received a sheriff's deed conveying to him the interest of Jamieson in the land. After the execution of the deed, at the solicitation and re-

quest of E. T. Young and Jamieson, Jacob Stampfler allowed to Jamieson an extension of time for the redemption of the land. On April 3, 1895, Jamieson paid over to Jacob Stampfler the sum of $210, and desired the defendants to re-convey the land. At this time Jacob Stampfler met with Jamieson and Young and one J. C. Kleber, an attorney at law, who represented E. T. Young and Josephine Young, his wife. Jamieson then paid to the defendant Stampfler the sum of $210, being the money described in and referred to in the deed set forth in the complaint, and Jamieson then requested the defendants to convey the land by deed to E. T. Young, stating that he and Young were doing business together, etc. Young then stated, that owing to an outstanding judgment and liabilities against him, he could not own and hold the property in his own name, and for that reason requested defendant to execute the deed of conveyance to Young's wife. Thereupon defendant consented to do so, and was proceeding to execute a quit-claim deed or redemption deed conveying the land to Young's wife, when Young requested that the deed be made in form of a warranty, alleging and explaining that such deed would better enable them to handle, sell, and dispose of the land. The defendant Stampfler refused, and objected to warranting the title to the land. He told Young and Jamieson that he would re-convey the same title in the land he had receeived under the execution sale, and no more; that the title to the land was the same as when he received it, and that he had not placed any incumbrances on the land, or allowed any lien to accumulate thereon, while owning the same, except taxes. That Young then explained that it was well understood among the parties to the transaction that the deed would be in point of fact nothing more than a redemption deed, and he then re-

quested and authorized Kleber, as attorney for himself and wife, to execute and deliver to defendants a statement in writing to that effect. This agreement and request was agreed to, and was made by Young at the time of the execution and delivery of the deed. Thereupon defendant consented to and did execute and deliver the deed as alleged in the complaint. The defendants never received any consideration for the land save and except the $210 so received from Jamieson. That the defendant would not have executed the warranty deed but for such agreement. That Kleber thereafter executed, signed, and delivered to defendants, pursuant to the agreement and in consideration thereof, a certificate in the words and figures following:

"Olympia, Wash., May 13, 1896.

This is to certify that the deed given by Jacob Stampfler and wife to Josephine Young, dated April 1, 1895, to six acres of land on the east side of Budd's Inlet, in the county of Thurston, Washington, and to which six acres Stampfler held a sheriff's deed under execution in the case of Stampfler vs. Jamieson and Young, is a deed given for the purpose of redemption from the said sheriff's sale, and not, as it purports to be, a general warranty deed, though in that form. Any and all liability which may be inferred by said deed of warranty upon said Stampfler and wife is hereby renounced and released.

JOSEPHINE YOUNG.
By John C. Kleber, her Attorney."

It is further alleged that the plaintiff knew and was fully cognizant of said agreement touching the matter of warranty. It is further alleged that at all the times E. T. Young acted for and on behalf of the plaintiff.

One of the findings of the court was as follows:

"That at the time of the conveyance of said described land to the plaintiff by defendant, to-wit, on April 3, 1895,

23—27 WASH.

plaintiff was represented by one E. T. Young, her husband and agent, who negotiated the purchase of said land for plaintiff, she being not present at any time during the transaction; that at said time, and as a part of said transaction, said E. T. Young, as the husband and agent of plaintiff, agreed with the defendants that their deed of conveyance described in paragraph 2 should be in point of fact a quit claim or redemption deed, and that the same should be considered by and between the parties thereto and enforced only as such and not otherwise, and that said E. T. Young did then and there, as the husband and agent of plaintiff, authorize one J. C. Kleber, an attorney at law who was present at said negotiations as attorney for plaintiff, to execute and deliver to plaintiff an instrument in writing to the effect as hereinbefore described; that said agreement and authorization constituted the sole consideration for making said described deed warranty in form; that defendants relied upon such agreement, and, but for the same, would not have executed their said deed in any form other than as a quit claim deed: that thereafter, to-wit, on the 13th day of May, 1896, said Kleber did execute and deliver to defendants a certain instrument in writing pursuant to the authority so delegated to him on the 3d of April, 1895, which instrument was in the words and figures as follows:" (Here follows the instrument as hereinbefore set out.)

This action is between the original parties to the transaction. The rights of third persons do not intervene. The rule is that parol or oral evidence is incompetent to contradict a covenant in a deed, and upon the delivery and acceptance of a deed all prior or contemporaneous agreements are merged in the deed or writing, and cannot afterwards be set up to contradict or vary the same. The plaintiff insists that under this well known rule the defense pleaded is insufficient. Under our system equitable relief is given in actions at law. The evidence to support the affirmative defense of the defendants was not introduced to control or

vary the covenant in the deed, but to prevent the enforcement of the same, because it was obtained in such a manner that it would be a fraud upon the covenantors to allow the enforcement of the covenants. In such a case oral evidence is admissible. The rule is thus laid down by Wharton:

"But the interposition of fraud, actual or constructive, makes such proof legitimate. If it be adequately established that a party was induced to sign a contract by fraudulent parol representations that the contract was only to be contingently operative, then, upon such party himself doing equity, he will be protected from the enforcement of such contract. And the relief that would be given in this respect by a chancellor will be given by a common law court administering equitable remedies." 2 Wharton, Evidence (3d ed.), § 929.

In our opinion, the finding of the court specifically referred to constitutes an equitable estoppel, and the plaintiff should not be permitted, under the facts found to wage her legal action for recovery of damages for breach of the covenant. Equitable estoppels are based on the ground of promoting the equity and justice of the individual case by preventing the party from asserting his rights under a general technical rule of law when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth. The facts upon which equitable estoppel depends, as a general rule, are proved by oral evidence. But this evidence should be precise and clear and unequivocal. The circumstances out of which the question may arise are of infinite variety, and, as in other cases of fraud and dishonesty, the court must look to the circumstances of each particular case. 2 Herman, Estoppel, §§ 742, 743, 760, 762.

The first paragraph of the last section cited fits the case under consideration and is as follows:

"The exclusive warrant for an equitable estoppel is, that it is necessary to sustain the cause of right and justice. Where the acts and representation of a party must have influenced the other to do acts which he would not otherwise have done, and where a denial or repudiation must operate to the injury of such other party, the estoppel is created."

There was no time fixed in which Kleber should execute the certificate he was authorized to make. For the purposes of this case it is immaterial whether he ever executed it, as we must regard that as done which the parties agreed to do. There is no controversy as to the facts found by the court. For the purposes of this appeal they are admitted, and, as we have said, they constitute an equitable estoppel; and, having come to this conclusion, it is unnecessary to pass upon the other questions suggested in the briefs.

The judgment of the court below is reversed, and the court is directed to dismiss this action at the cost of the plaintiff. The defendants Jacob and Mary Stampfler are also to recover their costs on this appeal.

REAVIS, C. J., and ANDERS, FULLERTON, DUNBAR, MOUNT and HADLEY, JJ., concur.