[No. 9185. Department One. March 13, 1911.]

E. H. NADEN, *Respondent* v. CLARENCE J. CHRISTOPHER
*et al., Appellants.*[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence, fully supported, will not be disturbed on appeal.

EVIDENCE—PAROL TO VARY WRITING—FRAUD. Where a clause in a warranty deed gave the grantee the right to collect all rents due under a certain lease, parol evidence is admissible, as between the original parties, to show that it was inserted on the express stipulation that it should not be treated as a warranty; not to vary the terms of the deed, but to prevent its fraudulent use.

MORTGAGES—FORECLOSURE—AMOUNTS— MATURITY—PLEADING—SUPPLEMENTAL COMPLAINT. Upon the foreclosure of mortgage notes, part of which were not due, judgment may be entered for the amount due at the date of the entry of the decree, without the filing of any supplemental complaint as to an installment falling due since the action was commenced, where the foundation of the judgment was laid in the complaint and the notes were introduced in evidence.

MORTGAGES—FORECLOSURE—AMOUNTS MATURING—APPLICATION OF PROCEEDS. Upon the foreclosure of mortgage notes, part of which were not due, Rem. & Bal. Code, § 1128, authorizes the application of the proceeds of the sale, where the land cannot be sold in parcels, first to the sum due and costs, and the next to the residue not due but secured by the mortgage.

SAME—DECREE—SALE IN PARCELS. In such case, application to ascertain if the property can be sold in parcels follows the judgment, under Rem. & Bal. Code, § 1127.

STATUTES—TITLES AND SUBJECT. An act "to regulate the practice and proceedings in civil actions" embraces but one object, within organic act, § 6.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered March 9, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*Craven & Greene*, for appellants.

*Hadley, Hadley & Abbott*, for respondent.

[1]Reported in 113 Pac. 1116.

Gose, J.—On and prior to the 15th day of January, 1909, the plaintiff, a resident of the town of Kent, in King county, was the owner of an improved tract of property in the city of Bellingham, in Whatcom county. The defendants were residents of Bellingham. One Wyatt, a real estate man in Bellingham, at the instance of the defendants, induced the real estate firm of Brisbin, Smith & Livesey, also of Bellingham, to wire the plaintiff an offer for the property of $12,500, $3,500 cash and the remainder on terms. On the following day the plaintiff answered by wire an acceptance, as follows: "Taken at once, yes. Obtain deposit before sending for me." Thereafter, and on January 6, the plaintiff and the defendants entered into a contract in writing, whereby the former agreed to sell, and the latter agreed to buy, the property for $12,500, $3,500 to be paid in money, the balance to be paid at the rate of $1,500 per year, with interest at the rate of seven per cent per annum, and secured by a mortgage on the property. The contract recited that the defendants had deposited $500 with Brisbin, Smith & Livesey, "to be forfeited to the use and benefit of the seller if the buyer refuses to perform this contract in full," and that "the seller undertakes to convey to the buyer the fee simple title to said property subject to the following incumbrances: None; and to furnish an abstract showing title accordingly." The firm of Brisbin, Smith & Livesey signed the contract for the plaintiff. The plaintiff went to Bellingham on January 15 following, met defendants, and executed and delivered a warranty deed, which contained the following clause:

"Together with the right to receive and collect all rents now due or heareafter to become due under that certain lease to said premises, originally executed to Gus Larson, and filed for record January 24th, 1906, and recorded in Vol. 13 of Powers of Attorney, at page 178 thereof, Records of Whatcom County, Washington."

Upon the delivery of the deed the defendants paid to the

plaintiff the sum of $3,500, and executed six interest-bearing notes for the sum of $1,500 each, maturing respectively in one, two, three, four, five, and six years from their date, and secured by a mortgage on the property. In January, 1906, the plaintiff executed to one Gus Larson a lease upon the property for a term of five years and until January, 1911, at the monthly rental of $100 per month for the first three years, and $125 per month thereafter. The lease was assigned to the Pacific Brewing & Malting Company prior to July, 1908, and it was occupying the property when the deed was executed. Prior to July, 1908, it had paid a rental of $100 per month. On June 9, 1908, in answer to the demand of the brewing company for a reduction in the rent, the plaintiff wrote it a letter, stating that he would take $50 per month "until times are better." On the 14th day of August, 1909, the plaintiff filed a bill for the foreclosure of the mortgage, alleging, among other things, that the first semi-annual installment of interest had not been paid. Issue was joined upon the averments in the complaint and the new matter pleaded in the answer, and at the conclusion of the testimony, a decree was entered in favor of the plaintiff, directing a foreclosure of the mortgage and a sale of the mortgaged premises. The defendants have appealed.

The appellants contend that, at the time of the execution and delivery of the deed, the respondent represented to them that the brewing company was paying a monthly rental of $100 per month, and that he failed to disclose to them that he had written the letter consenting to a reduction of the rent to $50 per month. The respondent stoutly denies this contention, and asserts that at that time he informed them that the rent was $50 per month, and that the lease was broken. The parties agree that the respondent stated that the terms of the lease had been broken. These contentions are made an issue in the pleadings and are covered by the evidence. Relying upon their view of the transaction, the

appellants, on the date of the maturity of the interest, tendered $190, and claimed an offset in damages for the balance in the loss of rental.

The court found that the respondent, prior to the execution of the deed, informed the appellants that the brewing company was occupying the premises under a lease from month to month at a monthly rental of $50 per month; that the original lease was broken, and that the rent clause in the deed which has been set forth was inserted at the request of the appellants, and upon the express agreement that it would not be treated as a warranty or as being obligatory upon the respondent in any manner, but that it would be used only for the purpose of enforcing any rights to back rent which the respondent had theretofore possessed under the lease. There is abundant competent evidence to support the finding. It is true that the evidence is conflicting, but a reading of the record has not convinced us that the court reached an erroneous conclusion upon the facts. It must be conceded that the judge who saw the witnesses in action had a much better opportunity of getting the truth than this court has from reading the cold letter of the record. Moreover, the respondent's view of the transaction is corroborated by the contract anterior to the deed, which provides for the conveyance of a fee simple title free from incumbrance, and which does not mention the lease. The clause was penned by the appellants' attorney.

The appellants next insist that the rental clause in the deed is a warranty and that its terms cannot be varied by parol. The conclusion we have reached upon the facts and the law makes it unnecessary to determine whether the clause is a warranty. The finding to which we have referred was responsive to the new matter set forth in both the answer and the reply, and the evidence received upon that issue. The prayer of the reply is that, if, in the judgment of the court, the clause in the deed is at variance with

the new matter pleaded, the deed be reformed to speak the truth. The respondent contends that it would be a fraud upon him to enforce the clause as a warranty when it was inserted in the deed upon the express stipulation that it should not be treated as creating any liability against him. We think this view harmonizes with sound equitable principles. In *Young v. Stampfler*, 27 Wash. 350, 67 Pac. 721, the defendant was induced to execute a warranty deed in lieu of a quitclaim deed, upon the representation of the husband of the grantee that such a deed would better enable them to dispose of the property, and that the warranty clause would not be enforced. There, as here, the suit was between the original parties to the transaction, with no rights of third parties intervening. In meeting the contention that that fact could not be shown by parol evidence, the court said:

"The rule is that parol or oral evidence is incompetent to contradict a covenant in a deed, and upon the delivery and acceptance of a deed all prior or contemporaneous agreements are merged in the deed or writing, and cannot afterwards be set up to contradict or vary the same. The plaintiff insists that under this well known rule the defense pleaded is insufficient. Under our system equitable relief is given in actions at law. The evidence to support the affirmative defense of the defendants was not introduced to control or vary the covenant in the deed, but to prevent the enforcement of the same, because it was obtained in such a manner that it would a fraud upon the covenantors to allow the enforcement of the covenants. In such a case oral evidence is admissible. The rule is thus laid down by Wharton: 'But the interposition of fraud, actual or constructive, makes such proof legitimate. If it be adequately established that a party was induced to sign a contract by fraudulent parol representations that the contract was only to be contingently operative, then, upon such party himself doing equity, he will be protected from the enforcement of such contract. And the relief that would be given in this respect by a chan-

cellor will be given by a common law court administering equitable remedies.' 2 Wharton, Evidence (3d ed.), § 929." See, also, 2 Herman, Estoppel, 762; *Murray v. Dake,* 46 Cal. 644; *Isenhoot v. Chamberlain,* 59 Cal. 630; 17 Cyc. 693. As was said in the *Murray* case:

" 'It is as much a fraud to obtain a paper for one purpose and use it for a different and unfair purpose, as to obtain it by fraudulent statements.' "

The evidence was admissible to prevent the fraudulent use of the clause in the deed. The attempt to make a fraudulent use of a document is as obnoxious to the principles of equity as fraud in its procurement.

There is no clause in the mortgage maturing the principal not due for the failure to pay any interest or principal at maturity. The provision is that, if "default shall be made in the payment of the said sum or the interest thereon, or any part thereof, at the time the same shall become due, then the said party of the second part [the respondent] may foreclose this mortgage as provided by law." The trial of the cause began on January 4, 1910, and was concluded on the following day. At that time there was nothing due upon the mortgage indebtedness according to its terms, except the first semi-annual installment of interest, amounting to $315, with interest on that sum from July 15, 1909, at the legal rate. The decree was entered on the 9th day of March, 1910. At that time a second installment of interest and the first principal note had matured. The notes and mortgage were set forth *in haec verba* in the bill. It was also alleged:

"That there is now due to plaintiff on said notes and mortgage, interest payable July 15th, 1909, in the sum of three hundred fifteen dollars ($315) with interest thereon at the legal rate until paid; together with the sum of nine thousand dollars ($9,000) with interest from and after the 15th day of July, 1909, at the rate of seven per cent (7%) per annum until paid."

A judgment was entered for the amount of the first prin-- cipal note and for the first two installments of interest. The decree further provides that, following its entry, the court would entertain an application to ascertain whether the mortgaged property could be sold in parcels without injury to the interests of the parties, and that, if it was determined that it could not be sold in parcels, the court would order the whole of the premises sold and the proceeds applied, (1) to the payment of the amount due with interest, attorney's fees and costs, and (2) to the payment of the aggregate of the five notes not due, with interest as provided in the notes, from the 15th day of January, 1910, the surplus, if any, to be paid to the appellants. The notes were admitted in evidence. The respondent did not file a supplemental complaint, nor did the appellants plead payment in any way, except an offset in damages for a breach of the clause in the deed, which we have heretofore quoted. The appellants contend that, without the filing of a supplemental complaint, the court had no power to enter any judgment in excess of the amount due when the bill was filed. As we have seen, the foundation for the judgment was laid in the complaint. It was therefore proper to include in the decree the portion of the mortgage debt that matured after the commencement of the action and before its rendition. 9 Ency. Plead. & Prac. pp. 427-8. The clause in the decree for the application of the proceeds of the sale of the premises to the payment of the notes not due is in harmony with the provisions of Rem. & Bal. Code, § 1128, which is as follows:

"If the mortgaged premises cannot be sold in parcels, the court shall order the whole to be sold, and the proceeds of the sale shall be applied first to the payment of the principal due, interest, and costs, and then to the residue secured by the mortgage and not due; and if the residue do not bear interest, a deduction shall be made therefrom by discounting the legal interest; and in all cases where the proceeds of the sale shall be more than sufficient to pay the

amount due and costs, the surplus shall be paid to the mortgage debtor, his heirs and assigns."

The application to ascertain whether the property can be sold in parcels follows the final judgment. -Rem. & Bal. Code, § 1127.

It is finally suggested that Rem. & Bal. Code, §§ 1126, 1127, and 1128, Laws of 1854, p. 208, are invalid. The title of the original act is: "An act to regulate the practice and proceedings in civil actions." It is said that these sections are in conflict with provisions of § 6 of the organic act of the territory, which provides that "Every law shall embrace but one object and that shall be expressed in the title." It is suggested, by way of argument, that the word "object" is more restrictive than the word "subject." Without further discussion, we think this contention is without merit.

The decree is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.