[No. 9878.    Department One.    March 22, 1912.]

E. H. NADEN, *Respondent*, v. CLARENCE J. CHRISTOPHER
*et al., Appellants.*[1]

MORTGAGES—FORECLOSURE—DECREE — SALE — SECOND SALE FOR IN-
STALLMENTS DUE AFTER JUDGMENT.    Under Rem. & Bal. Code, § 1126,
providing that on foreclosure of a mortgage upon which install-
ments are not due, the final judgment shall direct at what time and
upon what default any subsequent execution shall issue, and Id.,
§§ 1127, 1128, providing for sales in parcels or as a whole, and that
in case of sales in parcels the judgment shall remain and be en-
forced upon any subsequent default, after final decree an order may
be entered directing a sale to satisfy installments that have since
become due; and the fact that the defendant had paid the amount
due on the judgment does not prevent further proceedings in the

[1]Reported in 122 Pac. 2.

case in the nature of a second judgment directing sale for subsequent installments; the judgment being conclusive as to the validity of the mortgages and all defenses except those accruing subsequent to the decree, which may be set up on application for subsequent executions.

Appeal from an order of the superior court for. Whatcom county, Hardin, J., entered June 19, 1911, after decree foreclosing a mortgage, directing a sale for installments due since final judgment, upon application of the plaintiff. Affirmed.

*Craven & Greene,* for appellants.
*Hadley, Hadley & Abbott,* for respondent.

CHADWICK, J.—This action was originally brought to foreclose a mortgage for $9,000. The mortgage was made to secure six notes, for $1,500 each, payable annually with interest at the rate of seven per cent per annum. After default in the first two semiannual interest installments, action was begun to foreclose the mortgage, and upon issue joined a decree of foreclosure was ordered entered. Between the trial in January, 1910, and March, 1910, when the decree was entered, a principal note, in the amount of $1,500, became due, a decree for the amount then due was entered, and appeal was taken to this court. The judgment was affirmed. *Naden v. Christopher,* 62 Wash. 413, 113 Pac. 1116. When the remittitur went down, the appellants paid into the clerk of the court the sum of $2,764.75, being the full amount then due under the decree as theretofore entered. The original findings of fact provided:

"That the principal of the 2nd, 3rd, 4th, 5th, and 6th notes hereinbefore in paragraph 9 of these findings set forth, is not yet due according to the terms of said notes, nor is there due thereon interest accruing thereon from and after the 15th day of January, 1910, and that none of the notes in this paragraph identified, nor interest accruing thereon from and after the 15th day of January, 1910, have been paid."

And as a conclusion of law, the court found:

"Said decree also to provide that this court shall, after the entry of decree herein, entertain an application to ascertain whether or not said property can be sold in parcels, and that if upon said application it be found by this court that said property can be sold in parcels without injury to the interests of the parties, that this court shall direct so much only of the premises to be sold as will be sufficient to pay the amount now due under said mortgage, with costs as above set forth, and that said judgment and decree shall remain and be enforced in the event of default in the payment of the principal of the 2nd, 3rd, 4th, 5th and 6th of the notes in paragraph 9 of the findings of facts herein set forth, or any of said notes, or upon default in the payment of the interest on said notes or any part thereof, unless the amount due as hereinabove set forth shall be paid before the execution of said judgment or decree is perfected; . . ."

After the payment of the amount due at the time the decree was entered had been made, the respondent filed a petition in the lower court, setting forth the fact that other installments had become due, and asked the court to ascertain whether the property could be sold in installments, and if not that a general order of sale should issue. This proceeding was vigorously assailed by the appellants. Upon the hearing, the court decided that the property could not be partitioned and sold, and accordingly decreed a sale of the whole thereof. It is contended that the original proceeding lapsed and became satisfied by the payment of the amount first found to be due, and that the court was without jurisdiction to entertain the subsequent proceeding, and that its order to pay was void and operates to deprive the appellants of their property without due process of law. We may admit that this would ordinarily be so. Where a mortgage debt is divisible, and an action is begun or is about to be begun for the recovery of a part thereof, the payment of that part will arrest the right of the mortgagee to prosecute a foreclosure. But our statutes intervene to modify, if not to entirely abrogate, this ancient rule.

It seems to have been the object of our statute, Rem. &
Bal. Code, §§ 1126, 1127, 1128, to make statutory that
which had frequently been determined under the general
equity powers of the court; that is, to allow a decree to be
entered, judicially determining the amount then due and to
become due, and to provide for subsequent orders of sale to
satisfy maturing installments. The statute is no broader
than the equitable power of the court. The fact that the
statute provides that the whole of the mortgaged property
may be sold to satisfy the installment due, if the court finds
it to be impracticable to sell in parcels, and that the final
judgment shall direct at what time and upon what default
any subsequent execution shall issue, would indicate that the
law contemplates but one foreclosure proceeding, and that
all subsequent proceedings tending to the issuance of an exe-
cution or the satisfaction of maturing installments are merely
matters of detail or in sequence of the original decree. The
effect of the decree in this case was to establish the validity
of the notes and the mortgage, and the subsequent pro-
cedure is for the protection of the mortgagee and is not
against his interests. *Bank of Napa v. Godfrey*, 77 Cal.
612, 20 Pac. 142; *Rice v. Cribb*, 12 Wis. 198.

Section 1127 of the code, if taken alone and literally,
might give color to the contention of the appellants that the
payment of the amount found due upon rendition of the first
decree discharged the whole case, and that respondent's only
remedy for subsequent default is another foreclosure pro-
ceeding. The words "and the judgment shall remain and
be enforced upon any subsequent default unless the amount
due shall be paid before execution of the judgment is per-
fected," must be taken in connection with § 1126, which
clearly provides that such payments shall only stay pro-
ceedings pending a subsequent default "of principal or in-
terest thereafter becoming due." These statutes are in force
in many states, as will be seen by reference to 2 Jones on
Mortgages (6th ed.), §§ 1317-1367. We shall not under-

take to review or analyze the many cases to which we might refer, for, as we construe our statute, it is conclusive. But taking the California cases as a type, we think the purpose and construction of these statutes are there sufficiently set forth to illustrate and sustain our ruling. *San Jose Ranch Co. v. San Jose Land & Water Co.*, 126 Cal. 322, 58 Pac. 824; *Higgins v. San Diego Sav. Bank*, 129 Cal. 184, 61 Pac. 943; *Bank of Napa v. Godfrey, supra.*

It is nevertheless insisted that, when the appellants paid the amount then due upon the judgment, no further order of sale could be made, unless there was also entered another lawful decree; that it was not within the power of the court to enter an original judgment for any sum other than the amount then due; that the power to sell was stopped by payment, and that any further proceedings must be founded on and provided for in the decree, and there cannot be any order in the nature of a second judgment in the same proceeding. As an abstract proposition, we can admit all that plaintiff contends; but, as we have undertaken to show, our statute is controlling. The court has rendered one decree and the only purpose of the subsequent proceeding is to determine the amounts due as they mature. The statute is probably broad enough to warrant an execution for maturing installments without invoking the rule of the court. In any event, the rule did not work to the injury of the appellants, and they cannot complain. We have reviewed the cases submitted by appellants to sustain their contentions, and in our judgment they do not militate against our present judgment. If any of them seem to do so, it will require no more than casual reading of the case to show that it was decided without reference to a controlling statute. On the other hand, we conceive the cases of *Rice v. Cribb*, 12 Wis. 198; *Skelton v. Ward*, 51 Ind. 46; *Chicago & V. R. Co. v. Fosdick*, 106 U. S. 47, as well as other authorities relied on, sustain and support the judgment of the lower court.

It is said that the effect of this ruling will be to deny to

appellants valid and subsisting defenses to the mortgage. This may be so, in so far as such defenses may have existed at the time the original decree was entered; for the decree, having the force of any other judgment, appellants could not now set up a defense that might have been there urged. In other words, the validity of the notes and mortgage was conclusively established. This we think would be the rule, although we hold that the appellants have a defense going to the validity of or arising out of the mortgage that had not been set up in the main action. For an existing defense not pleaded on foreclosure of an installment could not be set up on foreclosure of a subsequent installment. If appellants have a defense which has accrued subsequently, they might have set it up in opposition to respondent's motion for an execution; or having failed to do this, might, if otherwise sustained by legal principles, maintain a separate action.

We think the proceeding in the lower court was strictly in accord with the letter and spirit of the statute, and the order and judgment of the court is therefore affirmed.

Dunbar, C. J., Gose, Parker, and Crow, JJ., concur.