[No. 11787. Department One. October 9, 1914.]

A. STRANDELL, *Respondent*, v. MAY STRAND *et al.*, *Appellants.*[1]

MORTGAGES—FORECLOSURE—DECREE—SALE FOR INSTALLMENTS DUE AFTER JUDGMENT. Under Rem. & Bal. Code, §§ 1126-1128, providing for the foreclosure of a mortgage for an installment of interest due, and that the decree should remain and be enforced against the mortgaged property in the event of default in the payment of any subsequent installment, upon application and a hearing to be had, the court has jurisdiction, after final decree and satisfaction of judgment for the installment then found due, to direct a sale to satisfy subsequent installments in which defaults have since occurred, and application therefor need not be based upon a new summons and complaint.

MORTGAGES — FORECLOSURE — DECREE — FOR INSTALLMENTS — PAYMENT—SATISFACTION. Payment of the amount of a personal judgment for the first interest installment due, under a decree of foreclosure of a mortgage, does not satisfy the judgment of foreclosure, so as to prevent a second sale for subsequent installments, where the decree showed that no part of such principal and interest had been paid.

COMPROMISE AND SETTLEMENT — CONSIDERATION — DISCHARGE OF JUDGMENT—PAYMENT OF LESS SUM. Payment of the amount of a personal judgment for the first interest installment due, under a decree of foreclosure of a mortgage showing that no part of the principal or other interest installments had been paid, cannot be taken as a compromise and settlement of the foreclosure suit, satisfy-

[1]Reported in 143 Pac. 442.

ing the judgment, since there was no consideration for a compromise, there being no dispute as to the sum to become due.

SAME—FORECLOSURE—ATTORNEY'S FEES. Under a mortgage allowing an attorney's fee of $100 in case the judgment is paid before any property is ordered sold, and $200 in case the property is ordered sold, does not permit an attorney's fee of $300, but the same is limited to $200, in any event.

SAME—FORECLOSURE—DECREE—SUBSEQUENT INSURANCE PREMIUMS. Under a final decree of foreclosure of a mortgage, providing, as required by Rem. & Bal. Code, §§ 1127, 1128, at what time and upon what default subsequent execution shall issue for installments not due and that the judgment shall remain and be enforced upon any subsequent default, which decree did not provide for the payment of premiums upon insurance, such premiums cannot be collected upon subsequent executions; since provisions therefor in the note and mortgage are merged in the final decree.

APPEAL—REVIEW—HARMLESS ERROR. Error in directing a mortgage foreclosure sale is cured by a refusal to confirm the sale.

Appeal from an order of the superior court for Whatcom county, Hardin, J., entered May 19, 1913, for the sale of mortgaged property, under a decree of foreclosure, after a hearing before the court upon a petition. Modified.

*Craven & Greene*, for appellants.

*Frank W. Radley*, for respondent.

Gose, J.—This is an appeal from an order directing the sale of mortgaged property following the entry of a decree of foreclosure. The facts are these: On the 6th day of October, 1910, the appellants executed a note to the respondent for the sum of $4,200, payable in three years, with interest at nine per cent per annum, payable semi-annually, and providing that overdue interest should draw interest at the rate of twelve per cent per annum. The note provided for the payment of a reasonable attorney's fee in case of suit to collect the note. Contemporaneously with the execution of the note, the appellant May Strand, in order to secure its payment, executed a mortgage upon certain real property. The mortgage, among other things, provided that the mortgagor

should keep the buildings insured in the sum of $5,000; that, if she failed to procure such insurance, the mortgagee was authorized to procure the same, "and this mortgage shall stand as security for all sums so expended, with interest at the rate hereinbefore specified." Thereafter, the parties having defaulted in the payment of interest and insurance, an action was commenced in the superior court of Whatcom county upon the note and mortgage. Issue was joined, the cause was tried, and on the 8th day of April, 1912, a judgment was entered in favor of respondent against appellants, for a definite sum of money, and "for the sum of $100 as attorney's fees due under said mortgage, in case this judgment is paid before any of said property is ordered sold, and for the sum of $200 as attorney's fees due under said mortgage in case any of the real estate involved in this case is ordered sold." It was adjudged that the mortgage was a first lien upon the real estate, and a decree of foreclosure was entered specifically describing the property. It was further adjudged, that the appellants, and each and all of them and all persons claiming by, through, or under them subsequent to the execution of the mortgage, were barred and foreclosed of all right, title, and interest in the mortgaged premises. The decree recites that, following its entry, the court will entertain an application to ascertain whether the real estate can be sold in parcels, and that if it can be so sold, the court will direct so much only of the mortgaged property to be sold as would satisfy the amount then determined to be due, with attorney's fees and costs. It was further adjudged that the decree should remain and be enforced against the mortgaged property "in the event of default in the payment of any interest later becoming due under said note and mortgage, or in the event of default in the payment of the principal of said note and mortgage at the time the same becomes due." The decree further recites that, if, upon application, the court should determine that the premises cannot be sold in parcels, it would order the whole of the mortgaged

premises sold and the proceeds applied to the payment, first, of the amount then adjudged to be due; second, "to the residue secured by plaintiff's said mortgage, to wit, the sum of $4,200, together with accrued interest thereon." It was further adjudged that, if the proceeds of the sale were insufficient to satisfy the judgment, a deficiency judgment would be entered against all of the appellants.

There was no appeal from this judgment. The following entries were thereupon made upon the execution docket:

"April 8th, 1912. Amount of judgment $753.48; costs $17.45. $100 or $200 attorneys' fees, as per terms of decree.

"April 23rd, 1912, received of Neterer & Pemberton the sum of $874.43, tendered as full payment and satisfaction of the within judgment. Samuel E. Leitch, Clerk.

"Received the above amount in full satisfaction of within judgment the 23rd day of April, 1912. Frank W. Radley, attorney for plaintiff."

Thereafter, on the 8th day of April, 1913, the respondent filed his petition in the court in which the decree was entered, in which he set forth a copy of the decree and alleged that, on April 6, 1913, there became due to the respondent under the note and mortgage the sum of $194 interest, and that there also became due to him certain sums which he had paid for insuring the mortgaged property. He also alleged that the property could not be sold in parcels. The prayer was for an order fixing a date for a hearing upon the petition, for a judgment against the appellants for the principal sum of $4,200, with accrued interest, insurance, money advanced, and attorney's fees, and for an order to sell the mortgaged property, and directing the proper application of the proceeds of the sale. Thereupon an order was entered, fixing a day, hour, and place certain for a hearing on the petition, and directing that each of the appellants be served with a copy of the order, together with a copy of the petition, at least ten days before the hearing. The appellants appeared specially, objected to the jurisdiction of the court, and moved

to quash the petition for want of jurisdiction in the court
and for other reasons which will appear in the opinion.   The
court denied the motion to quash, and entered an order re-
citing that service was had in compliance with the order of
the court, and that the money paid into court by the appel-
lants on the 23d day of April, 1912, was the amount that
had then matured as interest and insurance charges and at-
torney's fees; adjudged that there was then due and unpaid
interest in a sum certain and money advanced for fire insur-
ance in a sum certain; awarded the respondent an attorney's
fee of $200; directed a sale of the mortgaged property and
its application, first, to the attorney's fees, interest, and in-
surance money, and, second, to the payment of the principal
sum of $4,200.   It is from this last order that the appeal is
prosecuted.

It is first contended that the court was without jurisdic-
tion to proceed without summons and complaint.   This con-
tention is without merit.   Rem. & Bal. Code, §§ 1126-1128
(P. C. 81 §§ 1577, 1579, 1581); *Naden v. Christopher*, 67
Wash. 578, 122 Pac. 2.

It is next argued that the entries upon the execution
docket show that the judgment was paid and satisfied, and
authorities upon the question of tender are cited.   This view
is wholly wanting in merit.   It is obvious that the parties
intended to pay only the amount of the personal judgment
that had been entered against them.   This was all that was
entered upon the execution docket.   Moreover, there was no
*bona fide* dispute as to the amount due, and the decree showed
that no part of the principal or interest had been paid.   It
follows that the claim of a settlement and compromise is
without merit, as there was no consideration for a compro-
mise.   *Sanford v. Royal Ins. Co.*, 11 Wash. 653, 40 Pac. 609;
38 Cyc. 164d.   We have not overlooked the case of *Ross-
Higgins Co. v. Rook*, 65 Wash. 546, 118 Pac. 744, cited by
the appellants.   A reference to it will show that it has no
application.

The court erred in allowing an attorney's fee of $200. The $100 provided in the first judgment was paid. The judgment allows only $200. The learned trial court evidently construed it to allow $300. It allows $100 in case the judgment is paid before any of the property is ordered sold, and $200 in case the property is ordered sold. This does not mean $300.

We also think the learned trial court was in error in making allowance for money expended in the payment of insurance premiums. Our statute, Rem. & Bal. Code, § 1126 (P. C. 81 § 1577) provides, when the complaint is filed for the foreclosure of a mortgage, the court shall direct in the final judgment "at what time and upon what default any subsequent execution shall issue." Section 1127 (P. C. 81 § 1579) provides that the judgment shall remain and be enforced "upon any subsequent default." Section 1128 (P. C. 81 § 1581) provides that, if the mortgaged premises cannot be sold in parcels, the court shall order the whole to be sold and the proceeds of the sale to be applied, first, to the payment of the principal due, interest, and costs, and then "to the residue secured by the mortgage and not due." The judgment was a final one, and it did direct at what time and upon what default any subsequent execution should issue, and it made no provision for premiums paid upon insurance. It is true the mortgage provided for these items. But the note and mortgage merged in the decree. We so construed the statute in the *Naden* case, where we said that "the law contemplates but one foreclosure proceeding, and that all subsequent proceedings tending to the issuance of an execution or the satisfaction of maturing installments are merely matters of detail or in sequence of the original decree." We also said: "The court has rendered one decree, and the only purpose of subsequent proceedings is to determine the amounts due as they mature." These amounts must of course be determined from the decree. *Northwestern Mut. Life Ins. Co. v. Allis*, 23 Minn. 337; *Northwestern Mut. Life*

*Ins. Co. v. Drown*, 51 Wis. 419, 8 N. W. 237. In the *Drown* case, it is said that there might have been a direction in the judgment covering the question of taxes and insurance.

It is claimed that the court erred in certain respects in directing a sale of the property. The record, however, shows that the error, if any, was cured by a refusal to confirm the sale of the property which it is claimed was wrongfully sold.

The judgment will be modified by eliminating $100 of the attorney's fee and the items of insurance. The appellants will recover their costs.

CROW, C. J., MAIN, ELLIS, and CHADWICK, JJ., concur.